In re FORT DODGE CREAMERY COMPANY, Debtor.

Katharine DOAN and Gertrude Ambrose, Plaintiffs,

v.

Allen R. LOOMIS; A. Robert Loomis; Fort Dodge Creamery Company; Maurice Stark; and McGladrey, Hendrickson & Pullen, Defendants.

Bankruptcy No. X88–1550F.
Adv. No. X89–0154F.
Misc. No. 90–3002.

United States District Court,
N.D. Iowa, C.D.

May 11, 1990.

On Motion for Relief From Order,
July 23, 1990.

Neven J. Mulholland, Fort Dodge, Iowa, for First American State Bank.

John D. Hudson, Des Moines, Iowa, for Doan and Ambrose.

James C. Fifield, Timothy C. Hogan, Des Moines, Iowa, for Stark.

Michael R. Nelson, Des Moines, Iowa, James D. O'Connell, Chicago, Ill., for Central States.

John Griffith, U.S. Dept. of Justice, Tax Div., Office of Sp. Litigation, Washington, D.C., Lawrence D. Kudej, Asst. U.S. Atty., Sioux City, Iowa, for I.R.S.

Lawrence L. Marcucci, West Des Moines, Iowa.

James H. Cossitt, Ames, Iowa, for trustee.

Robert A. Van Vooren, Davenport, Iowa, for McGladrey.

Kurt L. Wilke, Fort Dodge, Iowa, for Allen R. Loomis, the estate of A. Robert Loomis, Rosedale Farms, Inc. and debtor.

## ORDER

HANSEN, District Judge.

This matter is before the court on the report and recommendation of the bankruptcy court, filed February 5, 1990. The bankruptcy court recommends that the motion to remand, filed with the bankruptcy court by defendant Maurice Stark on August 24, 1989, and joined in by defendant McGladrey, Hendrickson & Pullen on August 29, 1989, be denied. Defendant Stark filed objections to the report and recommendation with the bankruptcy court on February 15, 1990. The trustee for the debtor filed a response to defendant's objections on February 27, 1990.

Removal and remand of state actions related to bankruptcy cases are governed by 28 U.S.C. § 1452 and Bankruptcy Rule 9027. Bankruptcy Rule 9027(e) provides that, "[u]nless the district court orders otherwise, a motion for remand shall be heard by the bankruptcy judge, who shall file a report and recommendation for disposition of the motion." A party may object within 10 days. Bankr.R. 9027(e). This court's review of the report and recommendation is pursuant to Bankruptcy Rule 9033. Bankr.R. 9027(e). Bankruptcy Rule 9033(d) provides that:

> The district judge shall make a de novo review upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions.

Stark objects only to the bankruptcy court's conclusion that the trustee's removal of this action was timely within the

meaning of Bankruptcy Rule 9027(a)(2). Stark does not object to the bankruptcy court's findings of fact or the bankruptcy court's conclusion that remand upon equitable grounds pursuant to 28 U.S.C. § 1452(b) is not warranted in this case. The court has reviewed the unobjected to portions of the report and finds that the bankruptcy court's findings of fact and conclusions regarding 28 U.S.C. § 1452(b) should be adopted.

Bankruptcy Rule 9027(a)(2) provides that: If the claim or cause of action in a civil action is pending when a case under the Code is commenced, an application for removal may be filed only within the longest of

(A) 90 days after the order for relief in the case under the Code,

(B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, ...

The bankruptcy court described the adversary action as a shareholder derivative suit essentially alleging that defendants breached their fiduciary duties to the debtor corporation. Report and recommendation at 2. The order for relief in debtor's Chapter 7 case was entered on February 8, 1989. On August 9, 1989, the trustee removed the state court action to the bankruptcy court. It does not appear that any order terminating any 11 U.S.C. § 362 stay, assuming that a stay was or is in effect, has been entered in this case by the bankruptcy court.

The bankruptcy court reasoned as follows:

It is the nature of a derivative action which makes the determination of the timeliness of the removal so difficult.... [A] debtor's status as a plaintiff or defendant in a pending state court suit may affect the timeliness of removal by a trustee under Bankr.R. 9027(a)(2)....

When there is normal alignment of parties, the effect of the Rule is this—if the debtor is a defendant in a pending state court action, the trustee has thirty days after the entry of an order terminating the stay to file his removal application. If the debtor is the plaintiff in a pending state court action, no stay exists to inhibit the trustee's pursuit of estate claims; therefore he would have 90 days after the order for relief to remove the pending state court action to federal court.

....

There appears to this court to be two alternatives ... First, it is arguable that because the corporation is a nominal defendant and the stay had not been lifted permitting the litigation of the corporation's rights against the other state court defendants, there is no time limit presently confronting the trustee ...

Second, it is arguable that as a "real" plaintiff, if the trustee desires to pursue the corporation's rights in the pending litigation, he must obtain the removal within the 90 days from the entry of the order for relief....

....

This court, however, can find no case law to support or detract from either alternative. The Rule itself does not explicitly deal with this situation and although the court believes it is the second alternative which may be the more appropriate, in the absence of a clear rule applicable to this situation, and because the trustee's situation fits literally within the 30–day rule (Rule 9027(a)(2)(B)), the application for removal should not be found to be untimely.

Report and recommendation at 6–9. Like the bankruptcy court, this court has been unable to locate any case law on point.

■ Stark argues that the debtor is the real plaintiff, that the state litigation was not stayed, and thus the removal application is untimely as it was not filed within 90 days of the entry of the order of relief. The trustee argues that the debtor is both a real and a nominal defendant, and as a real defendant, the § 362 stay was in force and the 30 day time period of Bankruptcy Rule 9027(a)(2)(B) applied. The trustee appears to argue that, at a minimum, the status of the debtor as a real or nominal defendant was unclear, and that the trustee had a good faith belief that Bankruptcy

Rule 9027(a)(2)(B) applied which should excuse any late filing. The trustee also supports his position with excerpts from briefs filed in the bankruptcy court by defendants Allen R. Loomis and A. Robert Loomis, and by First American State Bank, who appears to be a creditor in debtor's bankruptcy. These briefs suggest that plaintiffs Doan and Ambrose's claims include claims directly against the debtor.

Paragraph 8 of plaintiffs' petition states that "[p]laintiffs bring this action on behalf of themselves and other shareholders similarly [situated]. This is a shareholder derivative suit brought by and on behalf of the nominal corporate defendant, Fort Dodge Creamery Company." Petition, filed April 7, 1988, in the Iowa District Court for Webster County. The bankruptcy court stated that the action is a shareholder derivative action. Report and recommendation at 2. On March 9, 1989, plaintiffs Doan and Ambrose filed a motion to terminate the automatic stay. On March 29, 1989, the bankruptcy court denied this motion

> for the reason that 11 U.S.C. § 362(a)(3) prevented Doan and Ambrose from prosecuting claims of the bankruptcy estate. The court noted, however, that any individual claims of Doan and Ambrose against defendants other than Fort Dodge Creamery could continue as these were not stayed. It is not clear whether the state court proceeding asserted any such individual claims, although it appears that they did not.

Report and recommendation at 4. This court has examined the state court petition and finds no basis for finding that the action is anything other than a shareholder derivative action.

An additional reason exists for viewing the debtor corporation as the real plaintiff in interest and not as a real defendant. On March 13, 1989, the trustee filed, in state court, an application for substitution of parties. The trustee asserted an ownership interest in the suit on behalf of the debtor's bankruptcy estate. The state court granted this motion on July 5, 1989. On July 12, 1989, the trustee filed, in state court, a motion for a nunc pro tunc order to clarify the trustee's substitution as a party plaintiff rather than as a defendant. This motion was not ruled upon by the state court prior to removal of this matter. Thus, the trustee's own actions suggest that the debtor corporation is the plaintiff rather than a real defendant.

Under Iowa law, a stockholder's derivative suit has been described as follows.

> This proceeding in equity, commonly called a stockholder's suit or derivative action, is one brought by one or more stockholders of a corporation in their name as plaintiffs, but as representatives of the corporation, and for its benefit. They are plaintiffs in name only, and though the corporation is made a defendant, it is the real party in interest, and the beneficiary of any judgment recovered. Its basis is a damage done to the corporation by the real defendants and the refusal or failure of the corporation to redress the wrongdoing.

*Des Moines Bank & Trust Co. v. George M. Bechtel & Co.*, 243 Iowa 1007, 51 N.W.2d 174, 217 (1952) (quoted by the bankruptcy court, *see* report and recommendation at 6). *See also Rowen v. Le Mars Mut. Ins. Co. of Iowa*, 282 N.W.2d 639, 645 (Iowa 1979) ("[T]he corporation for whose benefit the suit is brought, although actually the plaintiff, is a nominal defendant."); *Holi–Rest, Inc. v. Treloar*, 217 N.W.2d 517, 523 (Iowa 1974) ("Of course, though the corporation is ordinarily named a defendant, it is the real plaintiff in interest, and beneficiary of any judgment recovered.").

The court reaches the following conclusions. First, under Iowa law, the corporation, although nominally a defendant, is the real plaintiff in interest. Second, the action brought by Doan and Ambrose was a shareholder derivative action. The court does not find that the debtor corporation was a "real defendant" or that Doan and Ambrose presented any claims in any capacity other than as representatives of the corporation and shareholders. Third, while the automatic stay provision of § 362(a)(3) prevented Doan and Ambrose from pursu-

ing the debtor corporation's claims against the real defendants once the order for relief was entered, it did not prevent the trustee from pursuing those claims on the debtor corporation's behalf. Title 11, U.S.C. § 362(a)(3), stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." Litigation which is pending at the time of the commencement of the case is governed by § 362(a)(1), which stays "the commencement or continuation ... of a judicial ... action or proceeding *against the debtor that was* ... commenced before the commencement of the case." (emphasis added). This section does not apply to situations where the debtor is the plaintiff. The court finds that the circumstances presented by this matter are more analogous to situations where the debtor is the plaintiff. Consequently, no stay inhibited the trustee. By operation of Bankruptcy Rule 9027(a)(2)(A) the trustee had 90 days from the entry of the order for relief to remove this matter. The trustee's removal was not timely.

The court has considered an alternative line of reasoning. Since § 362(a)(3) stayed the named plaintiffs from continuing the suit, i.e., from "exercis[ing] control over property of the estate," the stay is potentially not "terminated" until the trustee is substituted as a party plaintiff. The court does recognize that no order terminating the stay has been entered. However, as previously stated, the § 362(a)(3) stay applied only against Doan and Ambrose and not against the trustee. There is some confusion in the record as to whether the trustee has been properly substituted as a party plaintiff. The trustee's motion for substitution was granted by the state court on July 5, 1989. The trustee removed this matter on August 9, 1989. This removal was outside of the 30 day period provided for in Bankruptcy Rule 9027(a)(2)(B). The trustee did move for an order nunc pro tunc on July 12, 1989, apparently because the order substituted the trustee as a defendant rather than as a party plaintiff as had been intended. *See* report and recommendation at 3. However, an order nunc

pro tunc relates back to the date of the original order, in this case July 5, 1989. *See General Mills, Inc. v. Prall,* 244 Iowa 218, 56 N.W.2d 596, 600 (1953) ("The function of a nunc pro tunc order is not to modify or correct a judgment but to make the record show truthfully what judgment was actually rendered—'not to make an order now for then, but to enter now for then an order previously made.'"). *See also Miller v. Wellman Dynamics Corp.,* 419 N.W.2d 380, 382 (Iowa 1988) ("The purpose of such an order is to make the record show truthfully what judgment was actually rendered."); *McVay v. Kenneth E. Montz Implement Co.,* 287 N.W.2d 149, 150–151 (Iowa 1988); *Headley v. Headley,* 172 N.W.2d 104, 108 (Iowa 1969); *Chariton & Lucas County Nat'l. Bank v. Taylor,* 213 Iowa 1206, 240 N.W. 740, 741 (1932) ("The office and function of a nunc pro tunc order or judgment is to put upon the record and to render effective some finding or adjudication of the court actually or inferentially made, but by oversight or evident mistake not made of record."). Consequently, assuming that the trustee's substitution as a party plaintiff terminates the § 362(a)(3) stay, the trustee's removal was untimely.

■ The trustee has made several equitable arguments asserting reasons why this matter should remain in and be resolved by the bankruptcy court. *See* trustee's response to objection, filed with the bankruptcy court on February 27, 1990, at 9–11. While some of these assertions may have some validity, the trustee has not cited and the court has not found any authority for considering such arguments when deciding whether the removal was timely under Bankruptcy Rule 9027(a)(2). Bankruptcy Rule 9006(b)(1) does provide in part that "when an act is required or allowed to be done at or within a specified period by these rules ... the court for cause shown may at any time in its discretion ... (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." *See 9 Collier on Bankruptcy,* para. 9027.05, at 9027–19

(15th ed. 1989) ("If the time period is missed by the party who seeks to remove, Rule 9006(b)(1) requires a showing of excusable neglect if the period is sought to be extended."). The trustee has not moved to extend the time period for removal as required by Bankruptcy Rule 9006, although the trustee has argued that the confusion over debtor's status should excuse any late removal. Consequently, Bankruptcy Rule 9006(b)(1) does not come into play.

### ORDER:

Accordingly, It Is Ordered:

1. The report of the bankruptcy court, filed February 5, 1990, is adopted to the extent it is not inconsistent with the text above. The court declines to follow the recommendation of the bankruptcy court.

2. Defendant Maurice Stark's motion for remand, filed August 24, 1989, with the United States Bankruptcy Court, Northern District of Iowa, and joined in by defendant McGladrey, Hendrickson & Pullen on August 29, 1989, is granted. This matter, Adversary No. X89–0154F contained in Bankruptcy No. X88–1550F, is remanded to the Iowa District Court for Webster County.

Done and Ordered.

### ON MOTION FOR RELIEF FROM ORDER

 This matter is before the court on the bankruptcy trustee's resisted motion for relief from order, motion to amend or make additional findings of fact, and motion for enlargement of time, filed May 21, 1990.

On May 11, 1990, this court, after reviewing the report and recommendation of the bankruptcy court, entered an order granting defendant Maurice Stark's motion for remand and remanding this matter to the Iowa District Court for Webster County due to the trustee's failure to effect a timely removal.

It is widely held that once a federal district court mails a certified copy of an order remanding a case to a state court, the federal court is completely divested of jurisdiction over the matters remanded. *Seedman v. United States Dist. Court for the Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir.1988) ("Once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case."); *Browning v. Navarro*, 743 F.2d 1069, 1078–1079 (5th Cir.1984); *Three J Farms, Inc. v. Alton Box Board Co.*, 609 F.2d 112, 115–116 (4th Cir.1979), *cert. denied*, 445 U.S. 911, 100 S.Ct. 1090, 63 L.Ed.2d 327 (1980); *Federal Deposit Ins. Corp. v. Santiago Plaza*, 598 F.2d 634, 636 (1st Cir.1979); *City of Valparaiso, Ind. v. Iron Workers Local Union # 395*, 118 F.R.D. 466, 468 (N.D.Ind.1987). This rule results from the language of 28 U.S.C. § 1447(d), the statutory section governing procedure after removal generally, which states that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal *or otherwise.*" 28 U.S.C. § 1447(d) (emphasis added). Consequently, this court finds that it lacks jurisdiction to rule on defendants' motions.

### ORDER:

Accordingly, It Is Ordered:

The bankruptcy trustee's motion for relief from order, motion to amend or make additional findings of fact, and motion for enlargement of time, filed May 21, 1990, are denied for lack of jurisdiction.

Done and Ordered.