**In re Michael S. CARVER, Debtor,**

**Michael S. CARVER, et al., Plaintiffs,**

v.

**Harvey BRECHER, et al., Defendants.**

No. 90 B 20096.
Adv. No. 91–6141A.

United States District Court,
S.D. New York.

Sept. 2, 1992.

Kelley Drye & Warren, New York City, for defendants.

Sherman Citron & Karasik, P.C., New York City, for plaintiffs.

## ORDER

VINCENT L. BRODERICK, District Judge.

The decision on motion for an order dismissing adversary proceeding of United States Bankruptcy Judge Howard Schwartzberg dated June 3, 1992 in the above matter is affirmed for the reasons set forth in Judge Schwartzberg's decision, and the objections to his proposed findings of fact and conclusions of law are overruled.

SO ORDERED.

## DECISION ON MOTION FOR AN ORDER DISMISSING ADVERSARY PROCEEDING

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Harvey Brecher, Leon Meyers, Harold Cohen, and Lawrence Ackman, the defendants in this case, have moved to dismiss this adversary proceeding brought by Michael S. Carver ("Carver"), the debtor in this Chapter 11 case, and by Data–Tex, Inc. ("DTI") and Ridgebury Associates Limited

Partnership ("Ridgebury") to recover money that the defendants allegedly owe to Ridgebury. The defendants argue that the action should be dismissed for two reasons. First, the defendants argue that the court lacks subject matter jurisdiction of the proceeding under 28 U.S.C. § 1334 because the action is neither a core proceeding under 28 U.S.C. § 157(b) nor a proceeding sufficiently related to Carver's chapter 11 case to warrant non-core jurisdiction under 28 U.S.C. § 157(c). The defendants also argue that the proceeding should be dismissed under Federal Rule of Civil Procedure 12(b)(6), incorporated by Bankruptcy Rule 7012, on the ground that the complaint fails to state a cause of action upon which relief can be granted because Carver lacks standing to recover money owed to Ridgebury. The plaintiffs oppose the motion and argue that their action should not be dismissed. Although they concede that their action is not a core proceeding, the plaintiffs assert that this court has subject matter jurisdiction under 28 U.S.C. § 157(c) because the action directly relates to the administration of Carver's chapter 11 case.

## FACTUAL BACKGROUND

Carver, an individual debtor, filed a voluntary Chapter 11 petition for reorganizational relief on February 1, 1990. Carver is the president and sole shareholder of DTI, a non-debtor Connecticut corporation. He is also a general partner of Ridgebury, a non-debtor limited partnership organized under Connecticut law. DTI is a general partner of Ridgebury as well. The defendants are limited partners of Ridgebury. Ridgebury's assets consist of real property and an office building located in Danbury, Connecticut.

The defendants, DTI and Carver entered into a Partnership Agreement ("Partnership Agreement") forming Ridgebury on October 14, 1987. At that time, Ridgebury's assets consisted of undeveloped real property. Ridgebury borrowed $16 million from Chase Manhattan, N.A. ("Chase") for the construction of an office building, secured by a mortgage on the property. Ridgebury also executed a note payable to Chase for the amount due under the loan agreement. In connection with the Chase loan, Carver executed a payment guaranty and a completion guaranty. In the event of Ridgebury's default on the Chase loan, Carver could be held liable for a maximum of $1 million under the payment guaranty and for other expenses relating to the development of Ridgebury's real property under the completion guaranty. Ridgebury was in substantial default of the Chase loan in November, 1990.

Under the Partnership Agreement, DTI was to finance the cost of operating the partnership. In the event that DTI was unable to finance operations, the defendants were required, upon notice from DTI, to make additional capital contributions in an amount not to exceed $1,600,000.00. These capital contributions were to be paid to Ridgebury and used by DTI to manage and operate Ridgebury's office building. In response to requests for capital contributions previously made by DTI, the defendants had advanced to Ridgebury an aggregate of $803,352.00. DTI has made additional requests for capital which total $796,648.00. However, the defendants have refused to make any further contributions to Ridgebury. Carver, DTI and Ridgebury have brought this adversary proceeding against the limited partners to recover from them their *pro rata* shares of the unpaid capital contributions.

A plan of reorganization was confirmed in Carver's Chapter 11 case on April 2, 1992. The plan contemplates a *pro rata* distribution to secured and unsecured creditors from two separate funds. Chase is Carver's only secured creditor. Chase loaned Carver $1.6 million secured by a first and second mortgage on his residence. Carver defaulted on the loan. As a result of Carver's and Ridgebury's substantial indebtedness to Chase, Carver, DTI and Ridgebury entered into a Workout Agreement ("Workout Agreement") with Chase on November 9, 1990. This court approved the agreement on January 28, 1991. The Workout Agreement restructured Carver's personal indebtedness to Chase. It also requires Carver to use his best efforts to cause the limited partners to comply with

the Ridgebury Partnership Agreement and make the capital contributions requested by DTI. DTI would presumably use these capital contributions to satisfy Ridgebury's obligation to Chase.

Carver's plan of reorganization provides that Chase, as a secured creditor, shall receive a distribution pursuant to the terms of the Workout Agreement. To the extent that Chase is undersecured on Carver's personal loan, it holds an unsecured claim against his estate in bankruptcy. Chase also holds an unsecured claim against Carver's estate on his personal guaranties relating to the Ridgebury loan. Under Carver's Chapter 11 plan, unsecured creditors will receive a *pro rata* distribution from a fixed fund which includes the proceeds of a tax refund and $10,000.00 which is to be recovered from JMB Realty, a partner of the debtor. Any recovery by Chase from the limited partners will reduce Chase's unsecured claim against Carver's estate. Accordingly, the reduction of Chase's unsecured claim will increase the *pro rata* distribution to unsecured creditors from the fund established in the plan for their benefit. In their complaint, the plaintiffs assert that this court has subject matter jurisdiction to hear this adversary proceeding because it is related to the administration of Carver's Chapter 11 case in that recovery from the limited partners will significantly benefit Carver's unsecured creditors.

The defendants argue that there is only a remote connection between the adversary proceeding and the bankruptcy case and have moved to dismiss this action for lack of subject matter jurisdiction. The parties agree that this action is not a core proceeding under § 157(b) because it does not involve a substantive provision of Chapter 11. However, they disagree as to whether the action is a non-core related proceeding under 11 U.S.C. § 157(c). The defendants argue that the action is not a related proceeding because it is not sufficiently connected to Carver's chapter 11 case. They assert that there is no nexus between the action and Carver's bankruptcy case. The plaintiffs contend that the action is a non-core proceeding related to Carver's chapter 11 case because the outcome of the action

would have a significant affect on the administration of Carver's estate in bankruptcy.

The defendants also seek to dismiss this action under Federal Rule of Civil Procedure 12(b)(6), incorporated by Bankruptcy Rule 7012, on the ground that the complaint fails to state a cause of action upon which relief can be granted. In support of their motion, the defendants allege that Carver does not have standing to bring an adversary proceeding to recover money owed to Ridgebury. Although Carver personally guaranteed Ridgebury's debts, the defendants argue that he has no right of recovery on behalf of Ridgebury unless he actually paid out on the guaranty. Payment on the guaranty is a prerequisite for Carver, as guarantor, to seek repayment from the partnership. Moreover, even if Carver satisfied his obligations under the guaranty, the defendants argue that Carver would be subrogated to the rights of Chase in order to recover the money that he had paid out to Chase. The defendants assert that Chase has no right to recover money from the limited partners of Ridgebury because the Ridgebury loan is nonrecourse. Accordingly, the defendants argue that Carver, as Chase's subrogee, has no right to such recovery. The plaintiffs have not responded to the defendants' argument that Carver has no standing to bring this action.

## DISCUSSION

### Subject Matter Jurisdiction

28 U.S.C. § 1334(b) confers upon federal district courts original jurisdiction of all cases under title 11 and all civil proceedings arising under title 11, or arising in or related to cases under title 11. Under 28 U.S.C. § 157(b), bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11. Additionally, Bankruptcy Judges are empowered by 28 U.S.C. § 157(c) to hear a proceeding that is not a core proceeding if it is otherwise related to a bankruptcy case. The parties in this case agree that the

adversary proceeding pending before this court is not a core proceeding. Thus, in order for this court to have subject matter jurisdiction of the action, it must be related to Carver's bankruptcy case in accordance with 28 U.S.C. § 157(c).

■ The standard test for determining whether a civil proceeding is related to a bankruptcy case has been articulated as follows:

> whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.* Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984) (citations omitted). As this court has already stated in *In re Kolinsky*, 100 B.R. 695, 702 (Bankr.S.D.N.Y.1989), an action between non-debtors is regarded as related to a bankruptcy case if its outcome would affect the amount of property available for distribution to the creditors of a bankruptcy estate or the allocation of property among such creditors, or if the resolution of the action would alter the debtor's rights or liabilities. *Fietz v. Great Western Sav. (In re Fietz)*, 852 F.2d 455, 457 (9th Cir.1988); *Elscint, Inc. v. First Wisconsin Fin. Corp. (In re Xonics, Inc.)* 813 F.2d 127, 131 (7th Cir.1987); *Dogpatch Properties, Inc. v. Dogpatch U.S.A., Inc. (In re Dogpatch U.S.A., Inc.)*, 810 F.2d 782, 786 (8th Cir.1987); *Kelley v. Nodine (In re Salem Mortgage Co.)*, 783 F.2d 626, 634 (6th Cir.1986); *Uranga v. Geib (In re Paso Del Norte Oil Co.)*, 755 F.2d 421, 425 (5th Cir.1985); *Turner v. Ermiger (In re Turner)*, 724 F.2d 338, 341 (2d Cir.1983).

■ In the instant case, this court has subject matter jurisdiction to hear the pending adversary proceeding to recover money due and owing to Ridgebury from the defendants. The action is a non-core proceeding directly related to Carver's bankruptcy case under 28 U.S.C. § 157(c). The outcome of this proceeding substantially affects Carver's liabilities and the allocation of property of his estate in bankruptcy to creditors. Under Carver's plan, which incorporates the Workout Agreement, any recovery to Ridgebury from the limited partners will be distributed to Chase in satisfaction of Ridgebury's loan. Payments towards the Ridgebury loan will decrease the amount of Carver's personal indebtedness to Chase on his guaranties and reduce Chase's unsecured claim against Carver's estate. Accordingly, with Chase's unsecured claim reduced, there will be a greater distribution under Carver's plan to his other unsecured creditors.

Furthermore, even under *In re Holland Indus., Inc.*, 103 B.R. 461 (Bankr.S.D.N.Y. 1989), the case upon which the defendants primarily rely, this court would have subject matter of the adversary proceeding. The court in *Holland* declined to follow this court's *Kolinsky* decision and enunciated a more stringent test for determining whether a bankruptcy court has subject matter jurisdiction over an action. The *Holland* court articulated this stricter test as follows:

> [A] proceeding involving non-debtors will not be found to be related solely on the ground that it will affect a distribution to creditors *unless that proceeding also involves property in which the debtor has a legally cognizable interest.*

*Holland*, 103 B.R. at 469 (emphasis added).

In this case, the action involves property in which Carver has a "legally cognizable" interest. The adversary proceeding to collect money owing to Ridgebury directly involves property of both Ridgebury and DTI, entities in which Carver has a significant interest. The resolution of this action will affect the value of these entities and accordingly, will have an impact upon the value of Carver's ownership interests.

It should be noted that under 28 U.S.C. § 157(c) a bankruptcy judge may hear a proceeding that is not core but is otherwise related to a bankruptcy case, such as this

action. However, the bankruptcy judge may not determine or enter final orders in a related case without the consent of all the parties pursuant to 28 U.S.C. § 157(c)(2). Absent such consent, a bankruptcy judge is required to submit proposed findings of facts and conclusions of law to the district court. A district court judge will enter any final order or judgment after considering the bankruptcy judge's proposals. This court will act accordingly with respect to this adversary proceeding.

### Dismissal Under Federal Rule Of Civil Procedure 12

■ The defendants have moved pursuant to Federal Rule of Civil Procedure 12(b)(6), incorporated by Bankruptcy Rule 7012, to dismiss the complaint in this adversary proceeding on the ground that it fails to state a claim upon which relief can be granted. In determining whether to grant a motion under Rule 12(b)(6), the court may not consider any material other than the pleadings. *JM Mechanical Corp. v. United States,* 716 F.2d 190, 197 (3d Cir.1983); *Roth Steel Prod. v. Sharon Steel Corp.,* 705 F.2d 134, 155 (6th Cir.1983). A motion under Rule 12(b)(6) is directed solely at the complaint. *Roth Steel,* 705 F.2d at 155. The court must presume that all factual allegations of the complaint are true and make reasonable inferences in favor of the non-moving party. *Kugler v. Helfant,* 421 U.S. 117, 126 n. 5, 95 S.Ct. 1524, 1531 n. 5, 44 L.Ed.2d 15 (1975); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The burden of proving that no claim has been stated is on the moving party. *Johnsrud v. Carter,* 620 F.2d 29, 33 (3d Cir.1980); *In re Brandt–Airflex Corp.,* 69 B.R. 701, 708 (Bankr.E.D.N.Y.1987); 1 J. Moore *et al.,* Moore's Manual, § 11.06[1] (1991).

■ In this case, the defendants argue that the complaint should be dismissed because Carver has no standing to bring an action to recover money owed to Ridgebury. It is well settled that dismissal under Rule 12(b)(6) is proper if the plaintiff lacks standing to maintain the action. *See Western Mining Council v. Watt,* 643 F.2d 618 (9th Cir.), *cert. denied,* 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981); *Dickens v. Lewis,* 750 F.2d 1251 (5th Cir.1984); *Fors v. Lehman,* 741 F.2d 1130 (9th Cir. 1984). In order to prevail on their motion, the defendants must show, by reference only to the pleadings, that Carver has no standing to maintain this action.

■ The defendants have failed to sustain their burden. The plaintiffs' complaint asserts a legally sufficient claim for relief. The complaint states that Carver, DTI, and Ridgebury are seeking to recover money due to Ridgebury from the defendants pursuant to the Partnership Agreement entered into between the defendants, DTI, and Carver. In his complaint, Carver seeks to enforce his rights and the rights of DTI, his wholly owned corporation, under the Partnership Agreement. This court rejects the defendants' argument that Carver, as a guarantor of Ridgebury's debts, is not entitled to recover money owing to Ridgebury because he has not actually paid out on the guaranty. There is nothing in the pleadings to support this factual allegation. This court further rejects the defendants' assertion that Carver cannot recover money from the defendants because he is subrogated to Chase's rights and, as a non-recourse mortgage holder, Chase cannot obtain a judgment from the defendants. In the complaint, Carver does not seek to collect money owed to Chase from the limited partners but rather money owed to DTI for Ridgebury's benefit pursuant to the Partnership Agreement.

### PROPOSED CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). The action brought by the plaintiffs is a non-core proceeding within the meaning of 28 U.S.C. § 157(c). This is a civil proceeding which neither arises under title 11 nor arises in a case under title 11, but is related to a bankruptcy case under title 11, as authorized under 28 U.S.C. § 1334(b). This ac-

tion is related to a bankruptcy case because it directly affects the debtor's liabilities and the distribution of property of the bankruptcy estate to creditors. Accordingly, the proposed conclusions of law are submitted to the district court for a final order or judgment to be entered by the district court after considering the proposed conclusions and after reviewing *de novo* those matters to which any party has timely and specifically objected as expressed in 28 U.S.C. § 157(c)(1).

2. The defendants' motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) is denied because the defendants have failed to sustain their burden of proving that the plaintiffs' claim is legally insufficient. The defendants have not demonstrated that Carver lacks standing to bring this adversary proceeding.