### In re FRIEDMAN & SHAPIRO, P.C., Debtor.

### In the Matter of Phillip E. SHAPIRO, a suspended attorney.

### DEPARTMENTAL DISCIPLINARY COMMITTEE FOR the FIRST JUDICIAL DEPARTMENT, Plaintiff,

### v.

### Phillip E. SHAPIRO, Defendant.

### No. 95 Civ. 3848 (SS).

United States District Court, S.D. New York.

Aug. 8, 1995.

---

Hal R. Lieberman, Departmental Disciplinary Committee (Jeremy S. Garber, of counsel), New York City, for plaintiff.

Phillip E. Shapiro, New York City, pro se.

## MEMORANDUM OPINION AND ORDER

SOTOMAYOR, District Judge.

On November 10, 1993, the Departmental Disciplinary Committee for the First Judicial Department ("Committee") commenced a disciplinary action in the Supreme Court of the State of New York, Appellate Division, First Judicial Department, seeking Phillip E. Shapiro's suspension from the New York State Bar, pursuant to 22 N.Y.C.R.R. § 603.4(e)(1)(i). On April 12, 1993, Shapiro filed a petition for Chapter 11 in the U.S. Bankruptcy Court of the Southern District of New York, on behalf of Friedman & Shapiro, P.C., which corporation served as Shapiro's legal practice. In addition to being its sole attorney, Shapiro is the sole officer and shareholder of Friedman & Shapiro, P.C. Thereafter, the corporation's Chapter 11 proceeding was converted to a Chapter 7 proceeding.

The disciplinary action in the Appellate Division nevertheless proceeded, and on April 4, 1995, the Committee filed a petition confirming its report that called for the disbarment of Shapiro. Shapiro's response to that petition was due by June 5, 1995 but instead of responding, Shapiro, on May 26, 1995, removed the disciplinary proceeding to

this Court pursuant to 28 U.S.C. § 1452. Shapiro, who is not the actual debtor in the pending bankruptcy action, argues that removal of the disciplinary proceeding is proper since it is a core proceeding under 28 U.S.C. § 157, involving the administration of the estate and the liquidation of the assets of the estate.

Upon receiving the notice of removal, I, sua sponte, issued an Order to Show Cause dated June 5, 1995, directing Shapiro to show cause why this proceeding should not be remanded to state court. Shapiro and the Committee submitted papers pursuant to the Order to Show Cause. Having reviewed the parties' submissions, I find that remand is required and that costs and attorney's fees should be assessed against Shapiro pursuant to 28 U.S.C. § 1447(c).

## DISCUSSION

### I. Removal Pursuant to 28 U.S.C. § 1452

Removal of the state disciplinary proceeding to this Court was completely improper because both the removal statute, 28 U.S.C. § 1452, and the bankruptcy code, 11 U.S.C. § 362(B)(4), clearly exempt from removal and from the automatic bankruptcy stay provision, "... a civil action by a governmental unit to enforce such governmental unit's police or regulatory power...." The Appellate Division which is authorized under the New York Judiciary Law § 90(2) to regulate the professional conduct of attorneys has authorized the Committee to do so. The Committee's action as a regulatory agency thus falls squarely into the exemption provided in both statutes.

A number of courts have held that attorney disciplinary proceedings involve action by a governmental unit to enforce its regulatory power. For example, in an opinion issued from the bench in *In re Kushner*, Docket No. 93B 21983 (Bankr.S.D.N.Y.1993), the Bankruptcy Court held it was improper to remove a disciplinary action from state court because such action was exempted under § 1452(a). Similarly, the Court of Appeals for the Ninth Circuit decided that a disciplinary proceeding against an attorney who had filed for bankruptcy was exempted from the

automatic stay pursuant to 11 U.S.C. § 362(b)(4). *In re Wade*, 948 F.2d 1122 (9th Cir.1991). Other cases in which courts have reached similar conclusions include *In re Hanson*, 71 B.R. 193 (Bankr.E.D.Wisc.1987) and *Cooper v. State Bar of California*, 43 Cal.3d 1016, 239 Cal.Rptr. 709, 741 P.2d 206 (1987).

Shapiro supports his removal by arguing that the bankruptcy court has jurisdiction over the disciplinary action because it is a "core" proceeding as defined under 28 U.S.C. § 157. Even assuming *arguendo* that the disciplinary action qualifies as a core proceeding, that alone is insufficient to grant jurisdiction where jurisdiction is otherwise specifically prohibited. Whereas § 157 describes a wide variety of matters as core proceedings, the removal statute, § 1452, specifically excludes actions involving government licensing agencies from removal. It is a well established rule of statutory construction that a specific, narrowly drawn statute takes precedence over a more generally applicable statute. *Simpson v. United States*, 435 U.S. 6, 15, 98 S.Ct. 909, 914, 55 L.Ed.2d 70 (1978); *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 158, 96 S.Ct. 1989, 1995, 48 L.Ed.2d 540 (1976) (same). Here, to the extent that a disciplinary action is categorized as a core proceeding under § 157, that categorization cannot establish jurisdiction where this Court has been specifically and purposefully deprived of jurisdiction by another section of law. Since removal here was improper, I am remanding this case to the Supreme Court State of New York, Appellate Division, First Judicial Department, which has jurisdiction over this matter.

### II. Awarding Costs Pursuant to 28 U.S.C. § 1447(c)

28 U.S.C. § 1447(c) provides:
An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

The award of costs under § 1447(c) is discretionary and does not require a finding that the removant acted in bad faith. *Morgan Guar. Trust v. Republic of Palau*, 971 F.2d 917, 923 (2d Cir.1992) (noting that whatever

bad faith requirement existed under the old statute was abolished by the 1988 revisions). As the Second Circuit observed in *Morgan,* the statute, as amended, makes no reference to state of mind "instead focusing strictly on the mere absence of subject matter jurisdiction." *Id.*

■ In the instant case, Shapiro's removal papers and his papers in opposition to the court's Order to Show Cause to remand the action failed to cite or discuss the exception in § 1452 or the exception in the bankruptcy code, 11 U.S.C. § 362(B)(4). Nor has Shapiro discussed those cases holding that an attorney disciplinary action involves a governmental unit enforcing its regulatory power. In failing to address these statutes or cases and in waiting until the eve of the Appellate Division's review of the Committee's petition, Shapiro has forfeited any equitable argument against imposing costs and fees under § 1447(c). I am therefore awarding to the Committee, pursuant to § 1447(c), its costs, including attorney's fees. By August 31, 1995, the Committee may submit an accounting of its costs and attorney's fees; by September 11, 1995, Shapiro may respond to the accounting; and by September 15, 1995, the Committee may reply to Shapiro's papers.

## CONCLUSION

I direct the Clerk of the Court to remand this action to the Supreme Court of the State of New York, Appellate Division, First Judicial Department. I will submit a separate order addressing the costs and fees after the parties' submissions.

**SO ORDERED.**