**In re Albert LAWRENCE, Debtor.**

**City of Troy, from related case No. 185773 in Rensselaer Co. Supreme Court, Movant.**

**Nos. 97–11263, 98–MC–98 LEK.**

United States District Court, N.D. New York.

April 21, 1999.

Crane, Greene & Parente, Albany, NY, Jacqueline W. Phillips of counsel, for City of Troy.

## DECISION AND ORDER

KAHN, District Judge.

Movant City of Troy is the Plaintiff in *City of Troy v. Capital District Sports, Inc., et al.,* ("Troy Action"), originally brought in New York Supreme Court, Rensselaer County, Case No. 185773. On June 3, 1998, the Debtor Albert Lawrence, who was at the time Chairman of Capital District Sports, Inc. ("CDS") and also held financial interests in the corporation, made a motion to have the case removed to Bankruptcy Court. On July 9, 1998, the Bankruptcy Court denied the motion. However, on July 14, 1998, Jeffrey C. Cohen, the Bankruptcy Trustee appointed pursuant to 11 U.S.C. § 1104 ("the Trustee") filed a Notice of Removal pursuant to 28 U.S.C. § 1452(a) and Fed.R.Civ.P. 9027 removing the Troy Action to Bankruptcy Court.

The City of Troy commenced this action by moving to have the automatic reference to Bankruptcy Court withdrawn pursuant to 28 U.S.C. § 157(d) and Fed.R.Bankr.P. 5011, to have the case thereupon remanded back to state court, and for an award of costs and attorney's fees incurred as a result of the Trustee's removal pursuant to 28 U.S.C. § 1447(c). Subsequently, the City of Troy and the Trustee stipulated to the withdrawal of the reference and the remand. Thus, the only remaining issue before this Court is whether the City of Troy is entitled to costs and fees pursuant to 28 U.S.C. § 1447(c). For the reasons discussed, the City of Troy's motion for costs and fees is granted.

### I. Discussion

Section 1447(c) addresses motions to remand for "lack of subject matter" or "on the basis of any [other] defect," and provides in relevant part: "An order remanding the case may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The award of costs under § 1447(c) is discretionary. *Morgan Guar. Trust v. Re-*

*public* of *Palau,* 971 F.2d 917, 923 (2d Cir.1992). While bad faith is not a prerequisite for an award of fees, *see Morgan Guar. Trust, id.* (noting that whatever bad faith requirement existed under the old statute was abolished by the 1988 revisions), a court must determine that an award is "fair and equitable under all the circumstances," *id.,* 971 F.2d at 924. Courts have generally awarded fees under this standard only where the remand was either in bad faith or was clearly not valid under the governing law. *See, e.g., Berrios v. Our Lady of Mercy Medical Center,* No. 99 Civ. 21, 1999 WL 92269, *3 (S.D.N.Y. Feb.19, 1999) (attorney's fees unwarranted where court found no evidence that action was removed "frivolously or in bad faith"); *cf. Wallace v. Wiedenbeck,* 985 F.Supp. 288, 292 (N.D.N.Y.1998) (holding that fees are appropriate where asserted basis for removal was "contrary to the overwhelming [legal] authority"); *In re Friedman & Shapiro, P.C.,* 185 B.R. 143, 145–46 (S.D.N.Y.1995) (fees found appropriate where removal "was completely improper" because applicable law "clearly exempt[ed]" the action from removal); *cf. Daleske v. Fairfield Communities, Inc.,* 17 F.3d 321, (10th Cir.1994) (finding that district court did not abuse its discretion in declining to award fees where removing party "had a legitimate basis for believing the case fell within the district court's bankruptcy jurisdiction"); *Lang v. American Elec. Power Co., Inc.,* 785 F.Supp. 1331, 1335 (N.D.Ind.1992) ("An award of costs generally is inappropriate if the defendant raised legitimate and substantial grounds for removal and asserted them in the best of faith.") (citation and internal quotations omitted). The two cases cited by the City of Troy are not to the contrary. In *Morgan Guaranty Trust Co.,* the Second Circuit found no abuse of discretion in an award of fees where various factors "clearly established the lack of federal jurisdiction. . . ." 971 F.2d at 924. In *Schepis v. Local Union No. 17, United Bro. of Carpenters and Joiners of America,* 989 F.Supp. 511 (S.D.N.Y.1998), the court granted a § 1447(c) request for fees where it found that a removal had been made contrary to "the Second Circuit's recent and unambiguous determination" that the plaintiff's state law claims were not preempted by federal law. *Id.* at 518. The court found it "crystal clear" that plaintiff was entitled to pursue his claims under state law (hence in state court). *Id.* In sum, an award of fees should generally follow only where the removal performed was performed in bad faith or otherwise clearly improper.

■ A review of the facts of this case provides no evidence that removal was performed in bad faith, i.e. with knowledge of its impropriety. The notice of removal was filed after consultation with the other parties to the action and the Bankruptcy Judge. The Trustee alleges without dispute that, at the hearing before the Bankruptcy Court, "[i]t was suggested by other parties to the proceeding that the Trustee, by virtue of his expanded authority to settle the Troy Action, now had the legal power to effect a proper removal of the Troy Action to Bankruptcy Court." Cohen Aff. ¶ 14. The Trustee further alleges that "the Court indicated its expectation that the Trustee would [file a notice of removal] promptly, and further indicated to the City of Troy that any objections it may have to such a removal would properly be addressed *after* the Trustee had removed the case to Bankruptcy Court." *Id.* Further, the notice of removal was filed one day after the Trustee received the expanded powers on which he relied for his authority to move for removal. Thus, there is no indication that the Trustee acted without a good faith belief that the removal, following the grant of additional authority, was proper.

The question remains as to whether subject matter jurisdiction over the action was clearly lacking, or whether the procedures taken were flawed in such a manner that no valid grounds on which the removal could be upheld exists. The City of Troy asserts that the removal was flawed on

both procedural and subject matter jurisdiction grounds.

## A. Subject Matter Jurisdiction

The City of Troy makes two arguments with regard to subject matter jurisdiction. First, it argues that there was no bankruptcy jurisdiction over the action because the action does not satisfy the jurisdictional requirements for bankruptcy removal under 28 U.S.C. § 1334(b). Second, it argues that, even if jurisdiction existed at the time of removal, the bankruptcy Court was divested of jurisdiction pursuant to the mandatory abstention provision, 28 U.S.C. § 1334(c)(2) once the City of Troy made a motion to remand.

### 1. Jurisdiction For Removal

United States district courts have original but not exclusive jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). The Trustee argues that the Troy Action was "related to" the Lawrence bankruptcy case.

 The prevailing definition of "related to" jurisdiction states that

> [a] civil proceeding is related to bankruptcy [if] ... the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. Thus, the proceeding need not necessarily be against the debtor or the debtor's property. An action is related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (whether positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Pacor, Inc. v. Higgins,* 743 F.2d 984 (3rd Cir.1984); *see also In re Cuyahoga Equipment Corp.,* 980 F.2d 110, 114 (2d Cir. 1992) (holding that § 1334(b) jurisdiction is satisfied by either the "conceivable effect" test of *Pacor* or the "significant connection" test of *In re Turner,* 724 F.2d 338, 340–41 (2d Cir.1983)).

The Trustee asserts that the "conceivable effect" test is satisfied in this case because the Troy Action was brought *inter alia* against CDS, of which the Debtor, as noted previously, was at the time a majority shareholder, creditor and the Chairman. The Trustee argues that if the suit, which seeks over two million dollars in damages, were successful, the financial status of the corporation and thus the value of the Debtor's equity and debt interests would be significantly reduced.

 The City of Troy argues that this connection is speculative and indirect, and thus insufficient to establish jurisdiction, given that the Debtor is not a party to the suit. However, "[t]he Pacor standard for 'related to' jurisdiction is extremely broad." *Universal Well Serv., Inc. v. Avoca Natural Gas Storage,* 222 B.R. 26, 29 (W.D.N.Y.1998). "It is sufficient if the proceeding could 'conceivably have any effect' on the bankruptcy estate." *Id.* Actions which could diminish the pool of funds available on an insurance policy held by the Debtor have been held to satisfy this test. *See In re Dow Corning Corp.,* 86 F.3d 482, 495 (6th Cir.1996). It is at least arguable that this instant case presents an analogous circumstance. The City of Troy's action, which seeks several million dollars in recovery, also would directly impact the value of the estate asset at issue, the Debtor's majority share interest. It is at least conceivable that this impact could be significant. *Cf. Carver v. Brecher,* 144 B.R. 643, (S.D.N.Y.1992) ("an action between non-debtors is regarded as related to a bankruptcy case if its outcome would affect the amount of property available for distribution to creditors of a bankruptcy estate").

Concededly, there is no case law which the Trustee presents or this Court has been able to find which directly supports subject matter jurisdiction in this case. However, this Court has also not been able to find nor has the City of Troy presented any cases which preclude jurisdiction over a suit that could significantly devalue an

estate stock interest. Because the existence of subject matter jurisdiction is at least arguable under the existing precedent, fees are not warranted on grounds that jurisdiction was clearly lacking.

### 2. Mandatory Abstention

The City of Troy argues that even if jurisdiction were established as an initial matter, it would be improper due to the mandatory abstention provision, 28 U.S.C. § 1334(c)(2), which provides the following:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can timely be adjudicated, in a State forum of appropriate jurisdiction.

It is not necessary to determine whether mandatory abstention would have been required here, because reliance on this provision to support a request for fees under 28 U.S.C. § 1447(c) is misplaced even where the abstention provision is found applicable.[1] Section 1447(c) allows a court discretion to grant costs and fees in two circumstances: where subject matter is lacking and where there is a defect in the removal. See 28 U.S.C. § 1447(c); La-Motte v. Roundy's, Inc., 27 F.3d 314, 316 (7th Cir.1994). However, remand on the basis of abstention is not a remand for lack of subject matter jurisdiction. See In re S.G. Phillips Constructors, Inc., 45 F.3d 702, 707 (2d Cir.1995) ("It bears noting . . . that the abstention provisions implicate the question of whether the bankruptcy court should exercise jurisdiction, not whether the court has jurisdiction in the first instance."). Further, it is clearly not an instance of procedural defect, but rather the assertion by a party to the action of a superseding right to the state court forum. Finally, the abstention provision does not incorporate any fee allowance of its own. Thus, an award of fees is not appropriate for remands based on mandatory abstention. See Su–Ra Enterprises, Inc. v. Barnett Bank of South Florida, 142 B.R. 502, (S.D.Fla.1992) (holding that applicant obtaining a mandatory abstention was not entitled to receive costs under 28 U.S.C. § 1447(c)).

### 3. Procedural Defects

The City of Troy alleges that fees are justified because of two procedural defects in the removal: first, that the notice of removal was filed in the wrong forum and second, that it was untimely. This Court finds that although the filing was proper, the untimeliness of the notice, coupled with the Trustee's failure to seek for an enlargement of time, was a procedural defect which would clearly render the removal invalid, and therefore costs and fees are justified in this case.

The procedures for removal, including filing and timing, are governed by Fed. R.Bankr.P. 9027. With regard to filing, Rule 9027 indicates that "[a] notice of removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending." Fed.R.Bankr.P. 9027(a)(1). The City of Troy argues that this clearly requires filing with the Clerk of the District Court, and that the Trustee's filing with the Clerk of the Bankruptcy Court was therefore invalid. However, "clerk" is defined by Rule 9001(3) as the "bankruptcy clerk. . . ." Fed.R.Bankr.P.

---

1. There is currently a dispute in the Second Circuit as to whether the mandatory abstention applies at all to an action removed under 28 U.S.C. § 1452(a). See Marine Midland Bank v. Zurich Ins. Co., 1999 WL 58581 at *5 (Bankr.S.D.N.Y. Jan.25, 1999) (citing cases). Because costs and fees would not be warranted based on the mandatory abstention provision even if abstention were warranted, this Court does not reach the issue of whether abstention is applicable to such removed actions.

9001(3). Thus, the proper filing procedure *is* to file with the Clerk for the Bankruptcy Court, as was done in this case. *See* 10 Collier on Bankruptcy, ¶ 9027.03 (15th ed.1998). Filing was therefore not improper.

With regard to timeliness, Rule 9027 provides that removal must occur "no later than 180 days after the order for relief." In the matter before this Court, the relevant order for relief is the commencement of the Lawrence bankruptcy case on February 28, 1997. *See* 11 U.S.C. § 301 (stating that "commencement of the voluntary case under a chapter of [title 11] constitutes an order for relief under this chapter"). The Trustee filed his Notice of Removal on July 14, 1998, 321 days after the latest time allowed for filing the Notice of Removal. Cohen Aff. ¶ 2.

The Trustee concedes that the filing was untimely, but argues that "[i]f the matter of timeliness was later raised, the Trustee would have moved for an enlargement of time to remove pursuant to Bankruptcy Rule 9006(b), *nunc pro tunc,* to allow the filing." Trustee Mem. at 5.

Fed.R.Bankr.P. 9006(b) provides, in part, that

> where an act is required or allowed to be done at or within a specified period by these rules ..., the court for cause shown may at any time in its discretion ... on motion made after the expiration of the specified period permit the act *to be done* where the failure to act was the result of excusable neglect.

Fed.R.Bankr.P. 9006(b)(1) (emphasis added). Although the plain terms of Rule 9006(b)(1) thus appear to limit its scope to prospective acts, at least one circuit court has concluded that Rule 9006(b)(1) empowers a court to grant "belated approval." *In Matter of Singson,* 41 F.3d 316, 319 (7th Cir.1994) (holding that courts could grant retroactive authorization for the provision of professional services).

The Trustee argues that excusable neglect justifying such retrospective approval is established here. He asserts that despite several requests, he did not receive authority to settle the Troy action until July 13, 1998, and that without this authority, he was not empowered to file the Notice of Removal.[2] Thus, he argues, his failure to file before July 14, 1998 was excusable.

The availability of such relief, however, does not alter the conclusion that the untimeliness of the filing was a clear error. It merely suggests that the Trustee might have acted to cure the problem. However, the Trustee's own memorandum makes clear that he intentionally chose not to seek to cure the defect when he filed the notice although completely aware of the procedural error. Trustee Mem. at 5 (noting intent to move for enlargement "[i]f the matter of timeliness was later raised"). Further, it is undisputed that, as of the time when the City of Troy brought its motion before this Court, the defect had still not been cured. Because a clear defect is present, fees are warranted.[3] *See*

2. Whether the settlement power gave him standing to remove the Troy action is uncertain at best. Removal pursuant to 28 U.S.C. § 1452 may be performed only by a "party." Assuming that the Trustee was empowered to substitute for Plaintiff, this would not seem to satisfy the statute since the Debtor was concededly not a party to the action at the time of removal. However, some courts have asserted that there is a somewhat vague exception to requirement for "real parties in interest." *See In re Brateman Bros. Inc.,* 135 B.R. 853, 855 (Bankr.N.D.Ind.1991); *see also Hughes–Bechtol, Inc. v. Air Enterprises, Inc.,* 107 B.R. 552, 558 (Bankr.S.D.Ohio 1989) (" 'To hold

that the debtor could not remove those proceedings to this court because it was not technically a party to those proceedings would be to exalt form over substance.' ") (citation omitted). It seems doubtful that this exception could be applicable, since the Debtor himself emphasized that he and the corporation were distinct for liability purposes, see Phillips Aff. Ex. C., and since he was voluntarily dismissed from the case on that grounds.

3. Assuming the Trustee had moved for *nunc pro tunc* (i.e. retroactive) approval, it is questionable whether it would have in fact been

*Macri v. M & M Contractors, Inc.,* 897 F.Supp. 381, 385 (N.D.Ind.1995) (holding that failure to file timely notice of removal was grounds for remand and awarding fees under § 1447(c)); *Doan v. Loomis,* 117 B.R. 438, 442–43 (N.D.Iowa 1990) (removal was not saved by 9006(b)(1) where trustee had not moved to extend the time period for removal).

The Trustee asserts that the Bankruptcy Court indicated "its expectation that the Trustee [would remove the Troy action] promptly, and further indicated to the City of Troy that any objections it may have to such a removal would properly be addressed *after* the Trustee had removed the case to Bankruptcy Court." Cohen Aff. ¶ 14. Accepting the accuracy of this description of the Bankruptcy Court's statements, this Court finds that fees are nonetheless fair and equitable under the circumstances. Although the Bankruptcy Court suggested that objections to removal should be filed after the notice, nothing in its comments could be taken to excuse the Trustee from his own obligation to perfect the removal in an expeditious manner.

The Trustee also asserts that fees would be unfair because, on the day that the City of Troy's motion was filed, the Trustee had completed the sale of the Debtor's interests in CDS. The Trustee argues that because he thereafter had no arguable basis for jurisdiction over the Troy action and no interest in asserting it, a remand could have been obtained by simple stipulation instead of the more expensive motion practice engaged in by the City. Given that it was the Trustee who initiated

the removal, however, it was in fairness up to the Trustee to keep the affected parties informed about the continued need for removal or lack thereof. There is no assertion by the Trustee that he informed the City of Troy that the Debtor's interests had been sold and that he would therefore agree to stipulate to a remand.

Accordingly, it is hereby

ORDERED that the City of Troy's motion for costs and fees pursuant to 28 U.S.C. § 1447(c) is GRANTED, and the City of Troy is directed to file and serve upon the Trustee within twenty-one (21) days an affidavit, detailed time records and, at its option, a memorandum not to exceed five (5) pages, to enable this Court to determine costs and reasonable attorney's fees incurred as a result of the removal; and it is further

ORDERED that the Trustee may, within fourteen (14) days of receipt of the City of Troy's papers, submit papers in opposition; and it is further

ORDERED that the Clerk serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.

---

granted. The failure of the Trustee to move immediately for such relief would tend to obviate any equitable claim to an extension. Although the Trustee argues that a claim for a retroactive extension may always be pursued subsequently, it cannot be the case that a party is free to request an enlargement at any time after the act is taken. Such a rule would in essence allow a party to put off the request indefinitely, claiming the benefit of the enlargement without obtaining it in fact. It is more likely that a request for such relief must

come as soon as the need for it is apparent. This is reflected in the analysis of *Singson,* which implicitly applied the "excusable neglect" standard of Rule 9006(b)(1) to whether the request for retroactive approval is brought in timely fashion. *See Singson,* 41 F.3d 316, 319 (finding no excusable neglect where there was "a pattern of doing work first and seeking approval later"). Here, there was no apparent reason why the Trustee could not have immediately pursued the perfection of his notice of removal.