UNIVERSAL WELL SERVICES, INC., Triad Drilling Company, Inc., and International Petroleum Service Company, Inc., Plaintiffs,

v.

AVOCA NATURAL GAS STORAGE, JMC Avoca, Inc., ET Storage, Inc., NGC Storage, Inc., Trillium Gas Storage, Inc., and U.S. Generating Company, Defendants.

RAYTHEON ENGINEERS & CONSTRUCTORS, INC., Plaintiff,

v.

AVOCA NATURAL GAS STORAGE, JMC Avoca, Inc., ET Blue Grass Co., successor by merger of ET Storage, Inc., NGC Storage, Inc., U.S. Generating Company, Bowdoin Storage Services, Inc., EQT Capital Corporation, successor by merger of Equitrans, Inc., National Gas Clearinghouse, Inc., NGC Holding Company, Inc., and Union Bank of California, Defendants.

Nos. 97–CV–6406T, 97–CV–6408T.

United States District Court, W.D. New York.

Jan. 8, 1998.

William L. Wright, Wright, Wright and Hampton, Jamestown, NY, for Plaintiffs.

Andrew M. Burns, Nixon, Hargrave, Devans & Doyle, L.L.P., Rochester, NY, Laurie Selber Silverstein, William A. Hazeltine, Potter Anderson & Corroon, Wilmington, DE, for Defendants.

### DECISION and ORDER

TELESCA, District Judge.

### INTRODUCTION

These cases were initially commenced in New York State Supreme Court, Steuben County, and removed to this Court by defendants pursuant to this Court's bankruptcy jurisdiction. Plaintiffs in both actions now move to remove the cases back to Supreme

Court, State of New York, and for other relief. The plaintiffs in both cases were providers of goods or services who claim that they have not been paid, claiming that defendants breached contract provisions and were fraudulent. Subsequent to commencement of both actions in state court, several of the defendants voluntarily filed for Chapter 11 Bankruptcy protection in the Bankruptcy Court for the District of Delaware. In seeking to return these cases to state court, plaintiffs argue that this Court lacks jurisdiction or, alternatively, argue that this Court should abstain from exercising jurisdiction. Defendants move to transfer the cases to the District Court for the District of Delaware, where the bankruptcy cases are now pending before the Honorable Susan Robinson, U.S. District Court Judge.

On December 5, 1997, (after these motions had been fully briefed), the plaintiff in *Raytheon v. Avoca* (97–CV–6408) filed a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. Pro. 41(a)(1)(i), dismissing the action without prejudice only as against the Debtor Defendants, but not against any of the Non-debtor Defendants. Also, at oral argument, counsel for the plaintiffs in *Universal v. Avoca* (97–CV–6406) informed the Court that the plaintiffs would be voluntarily dismissing that action as against the Debtor Defendants. This Court accepts that representation of counsel and will decide these motions with the understanding that the action will be dismissed as against the Debtor Defendants.

Since the plaintiffs have voluntarily dismissed these actions as against all of the Debtor Defendants, the federal jurisdictional nexus is so attenuated that abstention and remand to state court is warranted. Thus, for the reasons which follow, the plaintiffs' motions for abstention are granted and the actions are remanded to the Supreme Court, State of New York, County of Steuben. The defendants' motions to transfer venue are denied as moot.

## BACKGROUND

### Universal Well et al. v. Avoca et al. (97–CV–6406)

Plaintiffs, Universal Well Services, Inc., Triad Drilling Co., Inc., and International Petroleum Service Co. (hereinafter collectively "the Universal Plaintiffs"), commenced this action against the defendants, Avoca Natural Gas Storage, JMC Avoca, Inc., ET Storage, Inc., and NGC Storage, Inc. (collectively the "Debtor Defendants," as well as Trillium Gas Storage, Inc., and U.S. Generating Company (collectively the "Non-debtor Defendants") by filing a verified complaint in the New York State Supreme Court for Steuben County on March 27, 1997. The Universal Plaintiffs allege various state law causes of action, including breach of contract and unjust enrichment, relating to a failed mining project (the "Avoca Natural Gas Storage Project") in which the plaintiffs provided goods or services to defendant Avoca. All defendants answered the complaint on or about July 21, 1997.

On July 29, 1997, the Debtor Defendants filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware. The Debtors' bankruptcy cases have been consolidated for procedural purposes and are being jointly administered by United States District Court Judge Susan L. Robinson. (There is no indication in the record why the case has been assigned to a District Court Judge rather than a Bankruptcy Court Judge.) The automatic stay imposed by § 362 is apparently in effect and this Court has not been advised of any motions to lift the stay.

On September 12, 1997, the defendants removed the action to this Court under 28 U.S.C. § 1452(a), alleging that this Court has jurisdiction under 28 U.S.C. § 1334(b) since this case "arises under or relates to" the Debtors' bankruptcy cases. The defendants simultaneously filed a motion under 28 U.S.C. § 1412, seeking to transfer the case to the United States District Court for the District of Delaware, where the bankruptcy cases are pending.

On October 9, 1997, the Universal Plaintiffs filed a motion for remand of the action to the New York State Supreme Court on the grounds that this Court lacks jurisdiction. The Universal Plaintiffs also move, in

the alternative, for abstention, arguing that, even if this Court has jurisdiction, it either cannot or should not keep the case in federal court pursuant to the rules of mandatory and permissive abstention, 28 U.S.C. § 1334(c). Finally, the Universal Plaintiffs argue that, if this Court should decide to retain jurisdiction, the case should not be transferred to the District of Delaware.

At oral argument, counsel for the Universal Plaintiffs informed the Court that the complaint would be voluntarily dismissed as against the Debtor Defendants.

### Raytheon v. Avoca et al. (97–CV–6408T)

Plaintiff, Raytheon Engineers and Constructors, Inc. ("Raytheon"), brought this action in the New York Supreme Court, Steuben County, on June 10, 1997, against the Debtor Defendants and certain other Nondebtor Defendants, including U.S. Generating Co., Bowdoin Storage Services, Inc., EQT Capital Corp., National Gas Clearinghouse, Inc., NGC Holding Co., Inc., and Union Bank of California. Most of the Non-debtor Defendants are parent corporations or general partners of the Debtor Defendants. Union Bank, a secured creditor of Avoca, is also a defendant. Raytheon alleges various state law causes of action including, *inter alia*, breach of contract, unjust enrichment, misrepresentation, constructive trust, and violation of the Massachusetts Unfair and Deceptive Trade Practices Act. Raytheon was the general contractor of the Avoca Natural Gas Storage Project and alleges that it is owed in excess of $15 million for goods and services, plus interest and penalties. Raytheon claims that non-debtor defendant Union Bank fraudulently misrepresented the adequacy of Avoca's financing on the project.

Defendants removed the action to this Court on September 12, 1997 and filed a simultaneous motion to transfer venue to the District of Delaware. Raytheon moves for remand or, in the alternative, abstention. Raytheon also argues that, should this Court decide to retain jurisdiction, the case should not be transferred to the District of Delaware.

On December 5, 1997, Raytheon voluntarily dismissed the action against the Debtor Defendants pursuant to Fed.R.Civ.P. 41(a)(1)(i).

### DISCUSSION

### I. Remand for Lack of Jurisdiction

The threshold issue which must be addressed is whether removal to this Court was proper or, rather, whether the cases should be remanded for lack of subject matter jurisdiction. Both cases were removed pursuant to 28 U.S.C. § 1452(a), which provides that

> [a] party may remove any claim or cause of action in a civil action ...to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under § 1334 of this title.

The alleged jurisdictional basis for both actions is 28 U.S.C. § 1334(b), which grants the district court "original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11."

The plaintiffs in both actions argue that these cases do not "arise under" title 11 or "arise in" a title 11 case because the state court actions were commenced prior to the filing of the bankruptcy petitions and involve only state law claims. They also argue that the cases are not "related to" the bankruptcy proceedings, especially now that all of the claims against the Debtor Defendants have been dismissed.

The defendants in both actions argue that this Court does have jurisdiction over all of the state law claims and over all of the parties under 28 U.S.C. § 1334(b) since the claims are "related to" the bankruptcy proceedings. Defendants argue that this is particularly true in the *Raytheon* action, since the majority of those claims are allegedly derivative or "alter ego" claims which, defendants assert, should be resolved by the trustee in bankruptcy.

■ These cases do not "arise under title 11", nor do they "arise in a case under title 11" since both actions were commenced prior to the filing of the bankruptcy petition, exist independently of the bankruptcy action, and involve only state law causes of action, rather

than rights created by title 11. *In re Riverside Nursing Home*, 144 B.R. 951, 955 (S.D.N.Y.1992). Thus, the issue is whether the cases are sufficiently "related to" a case under title 11 to confer bankruptcy jurisdiction on this Court, since there is no other basis (diversity or federal question) for federal jurisdiction.

The prevailing definition of "related to" jurisdiction states that

[a] civil proceeding is related to bankruptcy [if] ...the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. Thus, the proceeding need not necessarily be against the debtor or the debtor's property. An action is related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (whether positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Pacor, Inc. v. Higgins*, 743 F.2d 984 (3rd Cir.1984).

■ The *Pacor* standard for "related to" jurisdiction is extremely broad. It is not necessary for the debtor(s) to be a party to the action in order for "related to" jurisdiction to exist. *See Channel Bell Assocs. v. W.R. Grace & Co.*, 1992 WL 232085 (S.D.N.Y.1992). It is sufficient if the proceeding could "conceivably have any effect" on the bankruptcy estate. That broad standard for jurisdiction is met in these actions. The outcome of these actions could conceivably have an effect on the bankruptcy estate by creating a decision with potential *res judicata* or collateral estoppel effects on certain issues (such as the alter ego liability of the debtors' parent corporations) in which the debtor in possession could conceivably have an interest.

The parties have provided this Court with the transcript and Decision of Judge Robinson relating to whether the instant action(s) should be temporarily restrained. Judge Robinson declined to do so, noting that she was hesitant to restrain another court absent strong justification. That transcript also mentions another motion which was pending before Judge Robinson relating to whether

the instant actions could be considered "property of the estate". The parties have not provided this Court with a transcript of that motion, nor with Judge Robinson's decision. Indeed, the issues in that motion may have changed significantly in light of the voluntary dismissal of the Debtor Defendants from these actions. However, the decision as to what is and is not "property of the estate" lies within the exclusive jurisdiction of the bankruptcy court. The existence of such issues relating to these cases makes them sufficiently "related to" the bankruptcy proceeding to confer federal jurisdiction under § 1334, even though the debtors are no longer parties to the actions.

Accordingly, I find that this Court does have subject matter jurisdiction under 28 U.S.C. § 1334(b) and I decline to remand the actions on that basis.

## II. Abstention

### A. Mandatory Abstention

As an alternative to remand for lack of subject matter jurisdiction, the plaintiffs argue that this Court is obligated to abstain in favor of the state court under 28 U.S.C. § 1334(c)(2), which provides that

[u]pon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Defendants argue that several courts in this Circuit and other Circuits have held that mandatory abstention is improper or inapplicable in removal cases since there is no parallel action pending in state court once the action is removed. *See In re 666 Associates*, 57 B.R. 8 (Bankr.S.D.N.Y.1985); *Weisman v. Southeast Hotel Properties Ltd. Partnership*, 1992 WL 131080, 1992 U.S. Dist. LEXIS 7736 (S.D.N.Y.1992) (citing cases); *In re*

*Montague Pipeline Technologies, Corp.*, 209 B.R. 295 (Bankr.E.D.N.Y.1997) [Holding that mandatory abstention is not applicable to removed actions, but remanding on equitable grounds.]. Recognizing that several courts have held that mandatory abstention does not apply to removed actions, the majority of courts have held the opposite, noting that the commencement of the removed action in state court is sufficient for purposes of § 1334(c)(2) such that mandatory abstention can apply to removed actions. *Gassman v. Gassman, Griper & Golodny*, 1997 WL 603439 (S.D.N.Y.1997); *Bevilacqua v. Bevilacqua*, 208 B.R. 11 (E.D.N.Y.1997) (applying mandatory abstention to removed case without discussing controversy); *Channel Bell Assoc. v. W.R. Grace & Co.*, 1992 WL 232085 (S.D.N.Y.1992).

The Second Circuit Court of Appeals has yet to address this issue, but other Circuits have held that mandatory abstention is applicable to removed actions. *See In re Midgard Corp.*, 204 B.R. 764 (10th Cir. BAP 1997) (citing cases); *Robinson v. Michigan Consol. Gas Co.*, 918 F.2d 579, 584 n. 3 (6th Cir.1990).

■ I find that the doctrine of mandatory abstention found in 28 U.S.C. § 1334(c)(2) does apply to actions which were commenced in state court and removed to federal court so long as the abstaining federal court remands the case to state court for "timely adjudication". The clear language of § 1334(c)(2) requires only that the action be "commenced" in state court, not currently pending there. Nothing in the statutory language or legislative history indicates that removed actions were intended to be excluded from the purview of § 1334(c)(2), particularly where, as here, all of the factors for mandatory abstention are met.

A case must meet six criterion to invoke the doctrine of mandatory abstention:

(1) plaintiffs must "timely" have brought their motion for abstention; (2) the action must be based upon a state law claim; (3) the action must be "related to" a bankruptcy proceeding, as opposed to "arising under" the Bankruptcy Code or "arising in" a case under the Bankruptcy Code; (4) the sole federal jurisdictional basis for the action must be § 1334; (5) there must be an action "commenced" in state court; and (6) the action must be capable of being "timely adjudicated" in state court.

*Channel Bell Assocs. v. W.R. Grace & Co.*, 1992 WL 232085 at *5.

■ The instant actions meet all six criteria: (1) the state court plaintiffs filed timely cross-motions for abstention after the defendants removed the actions; (2) the removed cases involve only state law claims; (3) as discussed *supra*, these cases are merely (and remotely) "related to" a bankruptcy proceeding, they do not "arise in" or "arise under" the Bankruptcy Code; (4) the removed cases could not have been brought in federal court absent bankruptcy jurisdiction; (5) the removed cases were commenced in state court; and (6) they can be "timely adjudicated" in the state court.

I find that mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2) is proper in both the *Raytheon* action and the *Universal* action. I further find that these cases should be remanded to the Supreme Court, State of New York, County of Steuben, pursuant to this Court's equitable remand authority under 28 U.S.C. § 1452(b).

### B. *Permissive Abstention*

■ Even if mandatory abstention were not required, I would nonetheless find that discretionary (or permissive) abstention under 28 U.S.C. § 1334(c)(1) would be appropriate in these cases. Section 1334(c)(1) provides that

[n]othing in this section prevents a district court in the interest of justice, or in the interest of comity with state courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Once the instant actions were voluntarily dismissed as against the Debtor Defendants, the federal bankruptcy nexus became so attenuated as to warrant abstention. As the court noted in *Drexel Burnham Lambert Group v. Vigilant Ins.*, 130 B.R. 405, 407 (S.D.N.Y.1991), "[w]hile this action is sufficiently related to [the debtor's] bankruptcy

**32**

cases for jurisdictional purposes under § 1334(b), it is not sufficiently related to warrant retention of federal jurisdiction over the state law claims it presents."

In the instant actions, all of the remaining parties are non-debtors, the plaintiffs' claims are based exclusively on state law, the actions are only remotely related to the bankruptcy proceedings, and federal retention of the cases would not aid in the administration of the bankruptcy estate. Accordingly, I find that discretionary abstention is appropriate "in the interests of justice" under 28 U.S.C. § 1334(c)(1).

*CONCLUSION*

Plaintiff Raytheon having moved for abstention and remand, and the Universal Plaintiffs having moved for abstention and remand, and the defendants in both actions having moved for transfer of venue to the United States District Court for the District of Delaware, it is hereby

ORDERED that the plaintiffs' motions for abstention and remand are granted and these cases are hereby remanded to the Supreme Court, State of New York, County of Steuben. The defendants' motions to transfer venue are denied as moot.

ALL OF THE ABOVE IS SO ORDERED.