**Bennie LEE, Jr., and Frankie Anne Lee, Plaintiffs,**

v.

**Arthur J. MILLER and A.L. Evans, Jr., Trucking Company, Defendants.**

**Civ.A. No. 3:00–CV–438WS.**

United States District Court, S.D. Mississippi, Jackson Division.

March 19, 2001.

David G. Galyon, Schwartz & Associates, Jackson, MS, for plaintiffs.

Phillip B. Abernethy, Richard M. Dye, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for defendants.

## ORDER GRANTING MOTION FOR ABSTENTION AND REMAND

WINGATE, District Judge.

Before the court is the motion of the plaintiffs, Bennie Lee, Jr., and his wife Frankie Anne Lee, for discretionary (permissive) abstention pursuant to Title 28 U.S.C. § 1334(c)(1),[1] and for remand to the Circuit Court for the First Judicial District of Hinds County, Mississippi, pursuant to Title 28 U.S.C. § 1452(b).[2] The plaintiffs filed this case in state court alleging damages stemming from physical injuries, and loss of consortium, suffered as the proximate result of the defendants' alleged negligence when the defendants' vehicle collided with the vehicle being operated by Bennie Lee, Jr. The state court complaint asserts that all parties in this cause are resident citizens of Mississippi. No federal claims appear in the complaint.

The defendants removed the case to this court five months after it had been filed in state court, pursuant to Title 28 U.S.C. § 1452(a) which provides in pertinent part that "[a] party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Section 1452 permits a party to remove a claim to federal district court if that court has jurisdiction over the claim under Title 28 U.S.C. § 1334 pursuant to a pending bankruptcy proceeding. Section 1334 provides that federal district courts have both original and exclusive jurisdiction over all civil proceedings and property related to title 11 bankruptcy proceedings.[3]

1. Title 28 U.S.C. § 1334(c)(1) provides that "[n]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

2. Title 28 U.S.C. § 1452(b) provides in pertinent part that "[t]he court to which such claim or cause of action is removed [under § 1452(a)] may remand such claim or cause of action on any equitable ground."

3. For instance, Title 28 U.S.C. § 1334(b) provides that, "[n]otwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Title 28 U.S.C. § 1334(e) provides that "the district court in

The defendants say this case was removed to this court after they learned that the plaintiffs had filed a voluntary petition for bankruptcy relief under Chapter 13 on the same day this cause of action was filed. Moreover, say defendants, because the plaintiffs' counsel would not permit the plaintiffs to respond to discovery questions pertaining to bankruptcy, they did not learn of the pending bankruptcy petition until they took the deposition of Bennie Lee, Jr., who referred to his Chapter 13 petition for bankruptcy relief during the progress of his deposition testimony. According to the defendants, they removed this case immediately upon learning of. the plaintiffs' pending bankruptcy proceedings, and that removal was filed within thirty (30) days of the date the defendants learned of the plaintiffs' petition.[4]

Now, argue defendants, this court has exclusive jurisdiction over this case pursuant to Title 28 U.S.C. § 1334(e) which provides that, "[t]he district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." *See In re Cajun Electric Power Co-op., Inc.*, 185 F.3d 446, 456 (5th Cir.1999). The defendants construe § 1334(e) to mean that this court is the only court which may adjudicate the instant case, primarily because of the word "exclusive" contained in the statutory language. Thus, say defendants, this court cannot abstain or remand this case to state court.

## DOES EXCLUSIVE JURISDICTION OVER THE RES OF THE BANKRUPTCY ESTATE PRECLUDE ABSTENTION AND REMAND?

■ The defendants argue that the negligence and loss of consortium claims brought by the plaintiffs in state court are now the property of the bankruptcy estate. This court agrees. Title 11 U.S.C. § 541(a)(1)[5] (which applies to bankruptcy proceedings under Chapter 13) provides that the bankruptcy estate shall be comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." That includes all property "wherever located and by whomever held." Additionally, in a Chapter 13 case, property of the estate includes all property acquired by the debtor during the course of the case before it is closed, dismissed or converted to a case under Chapter 7. *See* Title 11 U.S.C. § 1306;[6]

which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all the property, wherever located, of the debtor as of the commencement of such case, and of the property of the estate."

4. Title 28 U.S.C. § 1446(b) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons ... whichever period is shorter."

5. Title 11 U.S.C. § 541(a)(1) provides that "(a) [t]he commencement of a case under section 301, 302, or 303 of this title creates an

estate. Such estate is comprised of all the following property, wherever located and by whomever held: (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case." ....

6. Title 11 U.S.C. § 1306(a)(1 & 2) provides as follows: (a) Property of the estate includes, in addition to the property specified in section 541 of this title—(1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first; and (2) earnings from services performed by the debtor after the commencement of the case but

and *In re Thomas,* 121 B.R. 94, 99 (Bkrtcy. N.D.Ala.1990).

Next, the defendants contend that because § 1334(e) gives the district court where a Title 11 case is commenced exclusive jurisdiction over the *res* of the bankruptcy estate, this court may not abstain and remand this case back to state court. The defendants, however, offer no authority which holds that § 1334(e) supercedes the "original but not exclusive" jurisdiction language of § 1334(b) or that § 1334(e) precludes abstention and remand under § 1334(c) and § 1452(b).

Section 1452(a) provides for removal to a federal court of any claim or action based on its relation to a bankruptcy case, if the district court has jurisdiction based on § 1334. Section 1334(a) grants district courts exclusive power over bankruptcy cases while § 1334(b) creates original, but not exclusive federal jurisdiction over civil proceedings arising under title 11 or arising in or related to [7] a case under title 11. Thus, federal jurisdiction exists under § 1334(b) if the proceeding filed in state court "relates to" a case under title 11. *Community Bank of Homestead v.*

Boone, 52 F.3d 958, 960 (11th Cir.1995). Certainly, the instant case relates to the plaintiffs' Title 11 proceedings. Nevertheless, this court is not persuaded that the strictures of § 1334(e) preclude abstention and remand; rather, this court is convinced that § 1334(e) must be appropriately construed in consonance with the other bankruptcy venue provisions.

In *Blachy v. Butcher,* 221 F.3d 896, 909 (6th Cir.2000), the Sixth Circuit, citing *Noletto v. Nationsbanc Mortgage (In re Noletto),* 244 B.R. 845 (Bkrtcy.S.D.Ala.2000), noted that § 1334(e) must be read narrowly in order to avoid a conflict with the other bankruptcy venue provisions. *See id.,* at 852–53. "Exclusive jurisdiction" said the *Noletto* court, "would preclude abstention when most appropriate. Most debtor complaints with state law issues could not be heard by a state court because they would be estate property subject to the exclusive jurisdiction of the district court in which the debtor's bankruptcy case is pending. Moreover, said the *Noletto* court, district courts are required to abstain under § 1334(c)(2) [8] from

before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.

**7.** The definition of a "related" proceeding under Section 1334(b) was first articulated by the Third Circuit in case of *Pacor Inc. v. Higgins,* 743 F.2d 984 (3rd Cir.1984), a decision adopted by the Fifth Circuit in *In re Wood,* 825 F.2d 90 (5th Cir.1987). As stated in *Pacor,* the "usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor,* 743 F.2d at 994. An action is "related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.* Thus, the

test for determining whether jurisdiction under § 1334(b) is to attach is two-pronged or conjunctive. The anticipated outcome of the action the removing party seeks to bring within the ambit of federal bankruptcy jurisdiction must both (1) alter the rights, obligations, and choices of action of the debtor, and (2) have an effect on the administration of the estate. *Bass v. Denney,* 171 F.3d 1016, 1022 (5th Cir.1999). In the instant case, a favorable judgment would alter the plaintiffs' choices of action and effect their estate by giving them additional monetary resources to pay their Chapter 13 plan.

**8.** Title 28 U.S.C. § 1334(c)(2) provides:

(c)(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have

proceedings that may include estate property, but state courts could not hear these proceedings because they are within the exclusive province of these same district courts. This illogical result could not have been the intent of § 1334." *Noletto,* 244 B.R. at 852. The Sixth Circuit also cited *Cook v. Cook,* 220 B.R. 918 (Bkrtcy. E.D.Mich.1997), where the district court concluded that § 1334(e) does not prevent a bankruptcy court from transferring selected issues to another court. *See Blachy,* at 902. The Sixth Circuit agreed with the decisions in *In re Noletto* and *Cook,* and held that a bankruptcy court could share its jurisdiction with other courts.

Recently, in the bankruptcy case of *Glover v. Midland Mortgage Company of Oklahoma, Inc.,* 228 B.R. 293, 312–313 (N.D.Ala.1998), the district court noted that bankruptcy jurisdiction, as vested in the district courts through Title 28 U.S.C. § 1334(a) & (b), is exclusive as to all cases under title 11 and original (though not exclusive) as to "all civil proceedings arising under title 11, or arising in or related to cases under title 11." The court noted that the claims of the plaintiff against Midland were "related to" the plaintiff's Title 11 case, and that, as a debtor, the plaintiff had agreed to repay his Chapter 13 plan. "Nonetheless," said the district court, "this court may remand the case for equitable reasons," pursuant to Title 28 U.S.C. § 1452(b). The district court, citing *Thomasson v. AmSouth,* 59 B.R. 997, 1001 (N.D.Ala.1986), listed several equitable grounds suitable for granting remand.[9]

This court in *Searcy v. Knostman,* 155 B.R. 699, 709–10 (S.D.Miss.1993), noted that under § 1334(c)(1) and § 1452(b), the federal courts have carved out several factors which should be considered on the question of abstention. These factors, then as now, include: (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends abstention; (2) extent to which state law issues predominate over bankruptcy issues; (3) difficulty or unsettled nature of the applicable law; (4) presence of related proceedings commenced in state court or other non-bankruptcy proceeding; (5) jurisdictional basis, if any, other than § 1334; (6) degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of nondebtor parties.

Under Title 28 U.S.C. § 1334(c)(1), this court has "broad discretion to abstain from

been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

9. Equitable grounds cited by the district court in *Glover* included: (1) forum non conveniens; (2) a holding that, if the civil action has been bifurcated by removal, the entire action should be tried in the same court; (3) a

holding that a state court is better able to respond to questions involving state law; (4) expertise of the particular court; (5) duplicative and uneconomic effort of judicial resources in two forums; (6) prejudice to the involuntarily removed parties; (7) comity considerations; and (8) a lessened possibility of an inconsistent result. *See Browning v. Navarro,* 743 F.2d 1069, 1076 n. 21 (5th Cir. 1984).

hearing state law claims whenever appropriate 'in the interest of justice, or in the interest of comity with State courts or respect for State law.'" *Matter of Gober,* 100 F.3d at 1206; *see also Wood v. Wood (In re Wood),* 825 F.2d 90, 93 (5th Cir. 1987) (noting that § 1334(c)(1) "demonstrate[s] the intent of Congress that concerns of comity and judicial convenience should be met, not by rigid limitations on the jurisdiction of federal courts, but by the discretionary exercise of abstention when appropriate in a particular case").

■ Furthermore, abstention under § 1334(c)(2) is warranted when: (1) the party seeking abstention timely moves for it; (2) the proceeding is based on state law claims; (3) the matter is a non-core "related" proceeding; (4) federal jurisdiction is based solely on 28 U.S.C. § 1334; (5) the proceeding was commenced in state court; and (6) the proceeding can be timely adjudicated in state court. *Universal Well Services v. Avoca Natural Gas Storage,* 222 B.R. 26, 31 (W.D.N.Y.1998).

■ The instant case meets all six of these criteria. The instant case already was in trial posture at the time it was removed to this court, and state law claims predominate the landscape of the pleadings. So, even if the case is related to bankruptcy because of its potential effect on the debtor's estate, it is still one that also existed outside of bankruptcy and could have been maintained in state court. In *Matter of Gober,* 100 F.3d 1195, 1206 (5th Cir.1996), and *In re Wood,* 825 F.2d 90, 93 (5th Cir.1987), the Fifth Circuit stated that a district court may abstain at its discretion from deciding either core or non-core proceedings under § 1334(c)(1) if the interests of justice, comity, or respect for state law so require.

Finally, Title 28 U.S.C. §§ 1452(b)(remand) and 1334(c)(abstention) are kindred statutes. Section 1452(b) favors comity

and the resolution of state law questions by state courts, as does section 1334(c). *Twyman v. Wedlo, Inc.,* 204 B.R. 1006, 1019 (Bkrtcy.N.D.Ala.1996). Furthermore, section 1334(c) encourages, and in certain cases, requires "federal courts to allow state courts to hear state law matters when the only basis for federal jurisdiction is § 1334(b)." *See Thomasson v. AmSouth Bank,* 59 B.R. 997, 1002 (N.D.Ala.1986). "Section 1334(c) expresses a strong congressional desire that in respect to non-core proceedings the federal courts should not rush to usurp the traditional precincts of the state courts." *Cook v. Griffin,* 102 B.R. 875, 877 (N.D.Ga. 1989). Together, sections 1452(b) and 1334(c) strongly evince a congressional policy that, absent countervailing circumstance, the trial of state law created issues and rights should be allowed to proceed in state court, at least where there is no basis for federal jurisdiction independent of section 1334 and the litigation can be timely completed in state court. Because the statutes are similar in purpose and spirit, circumstances which weigh in favor of discretionary abstention or dictate mandatory abstention under the respective subsections of section 1334(c), likewise weigh in favor of or constrain remand under section 1452(b). *Twyman v. Wedlo, Inc.,* 204 B.R. at 1020.

### CONCLUSION

This court finds that the state court is well equipped to resolve the issues presented in the present case. This case involves interpretations of state law which are not affected by any bankruptcy issues; no basis exists for this court's jurisdiction other than Title 28 U.S.C. § 1334; the issues in the case are non-core issues; no core-related claims are presented in the complaint; and abstention will not interfere with efficient administration of the

bankruptcy estate. Abstention and remand will allow the state court to liquidate the plaintiffs' claims. Then, the Bankruptcy Court will be able to administer claims that have been fully liquidated, and this court will not have the unnecessary burden of conducting a trial on the merits of state law claims.

Accordingly, this court finds that it is in the interest of justice for this court to abstain pursuant to Title 28 U.S.C. § 1334(c) and to remand this action pursuant to Title 28 U.S.C. § 1452(b) to the Circuit Court for the First Judicial District of Hinds County, Mississippi.