nee Cohen; Steven Cohen, Barry Cohen, Michael Cohen, Irene Wolff, they being all and intended to be all of the partners of Karide Realty Company, John "Doe," Jane "Doe," names intended to be fictitious, Defendants.

No. 94–CV–1047 (JS).

United States District Court, E.D. New York.

Feb. 21, 1995.

Robert REED, Sidney Hackell and Citibank, N.A., as coexecutors of the Estate of Simon Cohen, on Behalf of the Estate and on Behalf of Karide Realty Company, a limited partnership in dissolution, Plaintiffs,

v.

Robert COHEN, Mark Septimus, Helen Septimus; Charles Septimus and Barry Septimus, both individually and as coexecutors of the Estate of Harry Septimus, deceased; Muriel Davis, Caren Julie Thayer, Richard Davis, Deborah Sue Frisina; E.P. Swan, Trustee, U–T–O Re-

Speno Goldman Goldberg Steingart & Penn, P.C. by Peter Sullivan, Mineola, NY, for plaintiffs.

Broudy & Jacobson by Lee D. Unterman, New York City, Katch, Sender & Wasserman, P.C. by Harvey Sender, Denver, CO, for defendant Robert Cohen.

SEYBERT, District Judge:

Pending before the Court are a series of motions in the instant action which arise in connection with the winding up of the Karide Realty Company [hereinafter "KARIDE"], a New York limited partnership that is pres-ently in dissolution. KARIDE's sole asset is a fee simple interest in a parcel of real property located in Queens, New York, which KARIDE has leased to the Oceanview Nursing Home since 1960. The plaintiffs in this action are the coexecutors of the Estate of Simon Cohen, which is KARIDE's sole general partner, and a 68% unitholder therein. The Estate of Simon Cohen, in turn, is among the oldest decedent's estates in Nassau County, having remained open since 1970. Named as defendants in this action are all of the limited partners of KARIDE, other than the Estate of Simon Cohen.

In connection with the winding up of KARIDE's affairs,[1] plaintiffs Robert Reed, Sidney Hackell, and Citibank, N.A., as coexecutors of the Estate of Simon Cohen, entered into a contract for the proposed sale of KARIDE's sole asset for a purchase price of $1,050,000. This contract is conditioned upon either the unanimous consent of all the partners or, absent unanimous consent, the approval of a court of competent jurisdiction. The plaintiffs thereafter solicited consent from each of KARIDE's partners. Satisfaction of the condition through consent solicitation proved unsuccessful, however, as three of KARIDE's limited partners—Robert Cohen, Mark Septimus, and Muriel Davis—objected to the proposed sale.

The plaintiffs thereafter commenced a declaratory judgment action in the Supreme Court of the State of New York, County of Nassau, seeking a declaration of the parties' rights and a judgment approving the proposed sale. In their complaint, the plaintiffs assert three alternative causes of action under New York law. First, plaintiffs seek, *inter alia*, a declaration of the validity of the proposed sale. Second, the plaintiffs seek authorization for the proposed sale pursuant to a judicial dissolution of KARIDE. As a third alternative, in the event that KARIDE is not entitled to proceed with the sale outright, a judgment of partition is requested whereunder the proposed sale would be consummated. According to the plaintiffs, it is their intention to litigate this matter before Surrogate Radigan—sitting in the capacity of

1. KARIDE has continued in dissolution since Simon Cohen's death in 1970.

Justice of the New York State Supreme Court—who would bring to bear his practical experience derived through his concurrent position as Surrogate presiding over the Estate of Simon Cohen.

Rather than litigate in the New York State Supreme Court, defendant Robert Cohen, acting solely on his own behalf, removed this litigation to the Eastern District of New York, pursuant to 28 U.S.C. § 1441. This case originally was assigned to Judge Nickerson. Notwithstanding Robert Cohen's strenuous opposition thereto, *see* Cohen Reply Mem. 1–6 (docket entry # 12), this case subsequently was reassigned to this Court in view of the pendency of two related actions involving the partnership interests of the Estate of Simon Cohen, with respect to which both Robert Reed and Robert Cohen were integral actors. These two related cases involved the Simon Cohen Real Estate & Management Company [hereinafter "SCREAM"], a New York limited partnership, of which Robert J. Reed is the sole general partner, and the Estate of Simon Cohen is a limited partner holding approximately 56.75% of the outstanding limited partnership units. The Court's Memorandum and Order with respect to SCREAM, reported at 868 F.Supp. 489 (E.D.N.Y.1994), resulted in the remand to state court of the action entitled *Reed et al. v. Wolff et al.* ["the 94–CV–241 action"], and the Court's granting of permission to Robert Cohen to file a supplemental complaint in the action entitled *Cohen et al. v. Reed et al.* ["the 90–CV–2795 action"] to assert a federal securities fraud claim pursuant to section 10(b) of the Securities Exchange Act of 1934, and Rule 10b–5 promulgated thereunder.

In the instant case, two distinct applications are pending before the Court. First, Robert Cohen and codefendant Mark Septimus seek an order, pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1–16, compelling arbitration of the propriety of the proposed sale of KARIDE's sole asset; specifically, they direct the Court's attention to paragraph 23 of KARIDE's Limited Partnership Agreement, which provides for the arbitration, pursuant to the Rules of the American Arbitration Association, of "[a]ny dispute or controversy arising ... in connection with the dissolution of the partnership...." In the second application, the plaintiffs move, pursuant to 28 U.S.C. § 1447(c), to remand this case to the State court from which it was removed on the ground that the complaint at issue fails to raise a federal question. In connection with this application, the plaintiffs also request an award of counsel fees and litigation costs. Needless to say, the plaintiffs' application to remand must be addressed first in sequence because a determination that this action must be remanded would leave the Court without jurisdiction to consider the arbitrability of the dispute between the parties.

## DISCUSSION

Defendant Robert Cohen sets forth two arguments in support of his contention that this Court has subject matter jurisdiction to hear this case upon removal notwithstanding the plaintiffs' failure to plead a federal claim within their complaint. First, he argues that under the "artful-pleading doctrine," an implied cause of action arises under section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 promulgated thereunder, in view of the impending forced sale of his limited partnership interest pursuant to an interstate offering of securities. With respect to this matter, he alleges that the plaintiffs' consent solicitation suffers from material misrepresentations and omissions, and that the proposed sales price of the land is substantially below its fair market value. Second, Cohen asserts that the Securities Exchange Act of 1934 completely preempts the plaintiffs' state-law claims, thereby rendering them federal in nature.

■ It is well established that in order for a defendant to remove a lawsuit to federal court on the basis of a federal question, the plaintiff's complaint filed in the state court must set forth a federal claim. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9–10, 103 S.Ct. 2841, 2846–47, 77 L.Ed.2d 420 (1983). Indeed, the plaintiff is "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct.

28

2425, 2429, 96 L.Ed.2d 318 (1987); *see Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 809 n. 6, 106 S.Ct. 3229, 3233 n. 6, 92 L.Ed.2d 650 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced.").

■ The "well-pleaded complaint rule" holds particular significance when removal is attempted, because if the "plaintiff chooses to forego a federal claim and to sue in state court on a state-created claim, the case cannot be removed." 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3566, at 104 (1984). Thus, under this doctrine, a defendant may not remove a complaint to federal court on the basis of a federal question that is asserted as a defense or as a counterclaim. *See* 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3722, at 258–60 (1985). Further, where the complaint filed by the plaintiff in state court seeks declaratory relief—as in the instant case—the court, in evaluating the propriety of removal, must analyze this query through the looking glass of whether the plaintiff, on the basis of the substantive theories asserted within the complaint, could have sued in federal court for coercive relief. *See Franchise Tax Bd.*, 463 U.S. at 16–19, 103 S.Ct. at 2850–51; 13B Wright, Miller & Cooper, *supra*, § 3566, at 99.

■ There are two corollaries to the rule that the plaintiff is master of the complaint. The first corollary arises where the preemptive effect of a federal statute is so strong that it renders an entire subject matter inherently federal regardless of the plaintiff's failure to make reference to federal law in the complaint. *See Franchise Tax Bd.*, 463 U.S. at 23–24, 103 S.Ct. at 2853–54; 13B Wright, Miller & Cooper, *supra*, § 3566, at 105. "In those situations where the preemptive force of a federal statute is so great that the only cause of action is a federal cause of action, a suit is removable even though it makes no reference to federal law." 13B Wright, Miller & Cooper, *supra*, § 3566, at 106. The intent of Congress is the touchstone in determining whether the preemptive

force of a federal statute rises to such magnitude. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64–67, 107 S.Ct. 1542, 1547–48, 95 L.Ed.2d 55 (1987) (state common-law claims preempted by ERISA are removable to federal court under 28 U.S.C. § 1441(b)).

■ The second corollary arises where the plaintiff, through "artful pleading," characterizes a federal claim as a state claim. *See Travelers Indem. Co. v. Sarkisian*, 794 F.2d 754, 758 (2d Cir.), *cert. denied*, 479 U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 253 (1986); 14A Wright, Miller & Cooper, *supra*, § 3722, at 266–70. Thus, hypothetically, if in the instant action, the plaintiffs also sought a declaration in state court as to each of the several elements comprising a federal securities law claim with respect to their management of KARIDE, after having previously brought a virtually identical action in federal court under the federal securities laws, the desirability of ensuring the defendants the federal forum to which they are entitled could provide a basis for removal to federal court. *See Travelers Indem. Co.*, 794 F.2d at 760–61; 14A Wright, Miller & Cooper, *supra*, § 3722, at 279; 28 U.S.C. § 1441(e) (claim may be removed from state court even though, because of exclusive federal jurisdiction, the state court could not have exercised jurisdiction over such claim); 15 U.S.C. § 78aa (providing for exclusive federal jurisdiction with respect to claims brought under Rule 10b–5).

■ Turning to the instant case, defendant Cohen is unable to demonstrate the existence of a federal question within the plaintiffs' complaint, or that a corollary to the well-pleaded complaint rule properly applies. Simply stated, defendant's assertion that a claim arises under the federal securities laws pursuant to the "forced seller doctrine" is properly characterized as either a counterclaim or a defense. Accordingly, it may not serve as a predicate for removal to federal court. *See* 14A Wright, Miller & Cooper, *supra*, § 3722, at 258–60.

An examination of the plaintiffs' complaint reveals it to assert causes of action under state partnership law in connection with the winding up of a New York limited partner-

ship in dissolution. Indeed, there is nothing to suggest to the Court that the plaintiffs have engaged in artful pleading to dress federal claims in state garb. Furthermore, defendant Cohen has cited no decisional authorities, legislative materials, or administrative rulings of the Securities and Exchange Commission to suggest that Congress, through section 10(b) of the Securities Exchange Act of 1934, and Rule 10b–5 promulgated thereunder, intended to preempt state declaratory actions pertaining to the dissolution and liquidation of a limited partnership—itself a creature of state law. In the absence of clear evidence to the contrary, defendant's assertion of preemption must be rejected. *See Metropolitan Life,* 481 U.S. at 68, 107 S.Ct. at 1548 (Brennan, J., concurring). Moreover, the caselaw cited by the defendant suggests that the federal securities laws do not preempt state securities laws that incidentally affect interstate commerce, notwithstanding the exclusive jurisdiction vested in federal courts over claims asserted under the Securities Exchange Act of 1934. *See Sullivan v. First Affiliated Sec., Inc.,* 813 F.2d 1368, 1373 (9th Cir.) (citing *North Star Int'l v. Arizona Corp. Comm'n,* 720 F.2d 578, 582–83 (9th Cir.1983)), *cert. denied,* 484 U.S. 850, 108 S.Ct. 150, 98 L.Ed.2d 106 (1987). In comparison to causes of action asserted under state partnership law, state securities laws would seem to present the more likely candidate for preemption in view of their greater potential to conflict with federal interests. The absence of preemption in *Sullivan* therefore reinforces the infirmity of the defendant's position.

Finally, the Court notes that defendant Cohen has failed to evidence the consent of his codefendants to the removal of this action to federal court. It is well established that in order for removal to be effective, all of the codefendants must consent thereto. *See* 14A Wright, Miller & Cooper, *supra,* § 3731, at 504–09; *Cohen v. Reed,* 868 F.Supp. 489, 494–95 (E.D.N.Y.1994). Although it may be argued that, in this case, consent to removal only should be required

of the three limited partners who have objected to the proposed sale of KARIDE's sole asset (Robert Cohen, Mark Septimus, and Muriel Davis), Mr. Cohen nevertheless fails to show that objecting-codefendant Muriel Davis has consented to the removal of this litigation to federal court.[2] This failure to demonstrate Ms. Davis' consent to removal therefore constitutes an alternate ground to remand this action.

### CONCLUSION

In accordance with the foregoing, this action is remanded to the State court from which it was removed, and the Court expresses no opinion as to whether the controversy between the parties must be submitted to arbitration. In addition, upon consideration of the parties' submissions, the plaintiffs' application for sanctions is denied. Pursuant to 28 U.S.C. § 1447(c), the Clerk of this Court is directed to mail a certified copy of this Memorandum and Order to the Clerk of the Supreme Court of the State of New York, County of Nassau.

SO ORDERED.

---

**2.** The Court regards objecting-codefendant Mark Septimus to have manifested his consent to removal through his service upon the plaintiffs of a motion to compel the arbitration of this controversy.