Francis **WALLACE** and Robert
Simmons, Petitioners,

v.

Joseph **WIEDENBECK, Jr.; Russell
Breckheimer; Joseph Villa; Arthur Ge-
arsbeck; and Citizen's Opposed to Sales
Tax, Inc. ("Cost, Inc."); Respondents.**

No. 97–CV–1578 (FJS).

United States District Court,
N.D. New York.

Jan. 7, 1998.

---

**5.** Adopt "To accept, appropriate, choose or select. To make that one's own ... act which was

not so originally." *Black's Law Dictionary,* 49 (6th ed.1990).

Law Firm of Norman W. Seiter Jr. (Kevin Caraccioli, of Counsel), Mexico, NY, for Petitioners.

Hiscock & Barclay, LLP (Lisa Dipoala Haber, of Counsel), Syracuse, NY, Trial Counsel for Petitioners.

Hancock & Estabrook, LLP (Eric C. Nordby, of Counsel), Syracuse, NY, for Respondents.

## MEMORANDUM-DECISION AND ORDER

SCULLIN, District Judge.

### Introduction

Presently before the Court is a motion brought by the Petitioners pursuant to 28 U.S.C. § 1447(c) seeking remand of this action to the Supreme Court of the State of New York, Oswego County. In addition, Petitioners seek attorney's fees, costs, and disbursements incurred as a result of removal, also pursuant to 28 U.S.C. § 1447(c).

### Background

Petitioners initiated this action in New York Supreme Court on October 15, 1997 against Respondent COST, Inc. and its officers seeking (1) a declaration under New York Election Law § 14–100 that COST, Inc. is a political committee as defined by that law, and that COST violated campaign disclosure requirements, and (2) an order directing COST, Inc. to file all finance disclosure statements for 1996 and 1997 as required by New York Election Law. In their Answer, Respondents assert, inter alia, a defense asserting that New York Election Law violates their core First Amendment rights, and a counterclaim seeking a declaration of the same.

On November 2, 1997, two days before election day, and the day before the hearing on the merits of the action, the Respondents served a notice of removal to federal court, thereby staying the state court action. The sole basis for removal in the notice was the assertion that Respondents' counterclaim is one in which the federal courts would have original jurisdiction which justifies removal under 28 U.S.C. § 1441(a). In their opposition papers to Petitioners' motion to remand, Respondents advance two new grounds for removal premised upon 28 U.S.C. § 1443 and 28 U.S.C. § 1441(c).

### Discussion

■ Generally, the party attempting to remove a case against a motion to remand bears the burden of establishing the statutory and jurisdictional basis for removal. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); *Pan Atlantic Group, Inc. v. Republic Ins. Co.*, 878 F.Supp. 630, 637 (S.D.N.Y.1995). Further, federal courts are required to construe the removal statute narrowly, with any doubts being resolved against removal. *See Somlyo v. J. Lu–Rob Enterprises, Inc.*, 932 F.2d 1043, 1046 (2d Cir.1991) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941)). To determine whether an action is removable, the court must look to the plaintiff's pleadings, as originally filed, to determine whether the appropriate jurisdictional basis is present. *See Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir.1986) (citing *Self v. General Motors Corp.*, 588 F.2d 655, 657 (9th Cir.1978)); *Luebbe v. Presbyterian Hosp. in City of New York at Columbia–Presbyterian Med. Ctr.*, 526 F.Supp. 1162, 1164 (S.D.N.Y.1981). Pursuant to this standard, the Court will examine each of the Respondents' grounds for removal seriatim.

### I. 28 U.S.C. § 1441(a)

Respondents argue that even though Petitioners' complaint is based solely on New York law, their asserted counterclaim which challenges the constitutionality of the New York Election Law under the First Amendment creates a federal question which confers jurisdiction on the Court pursuant to 28 U.S.C. § 1331.

■ Section 1441(a) of the removal statute sets forth:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under

this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C. § 1441(a) (1997). Thus, § 1441(a) permits removal of only those actions which could have originally been filed in federal district court. With limited exception, removal based on federal question jurisdiction is improper unless a federal claim appears on the face of a well-pleaded complaint. *See Travelers Indemnity Co. v. Sarkisian,* 794 F.2d 754, 758 (2d Cir.1986). It is well established that a defendant cannot remove based on grounds raised in its answer. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 8, 10, 103 S.Ct. 2841, 2845–46, 2846–47, 77 L.Ed.2d 420 (1983); *Gully v. First Nat'l Bank in Meridian,* 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). This principle applies with equal force to defenses, *see Travelers,* 794 F.2d at 762; *Reed v. Cohen,* 876 F.Supp. 25, 28 (E.D.N.Y.1995); *Carr v. Axelrod,* 798 F.Supp. 168, 173 (S.D.N.Y.1992); *Warner Cable Communications Co. of Brooklyn v. Weiner,* No. CV–87–794, 1987 WL 9675 (E.D.N.Y.1987), as well as counterclaims. *See Federal Deposit Ins. Corp. v. Elefant,* 790 F.2d 661, 667 (7th Cir. 1986); *Takeda v. Northwestern Nat'l Life Ins. Co.,* 765 F.2d 815, 822 (9th Cir.1985)(collecting cases); *Reed,* 876 F.Supp. at 28; *City of Chesapeake v. Sutton Ent. Inc.,* 138 F.R.D. 468, 471 (E.D.Va.1990). Thus, the federal nature of Respondents' defense and counterclaim is not sufficient to confer jurisdiction on this Court for purposes of removal.

## II. 28 U.S.C. § 1443

■ Additionally, Respondents contend that they are alternately entitled to removal under § 1443, the civil rights removal statute, based on their allegations that the New York Election Law violates their core First Amendment constitutional rights. This contention merits little discussion. Section 1443, which provides for removal of cases to federal court where the defendant would be denied or unable to enforce his or her civil rights in state court, does not apply to the infringement of First Amendment rights. *See State of Georgia v. Rachel,* 384 U.S. 780, 792, 86 S.Ct. 1783, 1790, 16 L.Ed.2d 925 (1966); *City of Greenwood, Mississippi v.*

*Peacock,* 384 U.S. 808, 825, 86 S.Ct. 1800, 1811, 16 L.Ed.2d 944 (1966); *Noel v. McCain,* 538 F.2d 633 (4th Cir.1976); *see also State Farm Mut. Auto. Ins. Co. v. Baasch,* 644 F.2d 94, 97 (2d Cir.1981). Thus, Respondents are clearly not entitled to removal pursuant to 28 U.S.C. § 1443.

## III. 28 U.S.C. § 1441(c)

■ Finally, in a footnote in their opposition papers, Respondents assert they are entitled to removal under § 1441(c) because their counterclaim is a "separate and independent" claim over which the Court would have original jurisdiction. However, as previously stated, a defendant cannot remove based on its own counterclaim, *see Elefant,* 790 F.2d at 667, regardless of whether it is separate and independent from the plaintiff's complaint. *See* Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 3724 (2d ed. 1985 & Supp.); *Collins & Blaha P.C. v. Shanaberger,* 95 CV 73550 DT, 1995 WL 871201, at *1 (E.D.Mich. Nov.16, 1995); *Alabama Dep't of Envtl. Management v. Southern Clay and Energy,* 737 F.Supp. 80, 82 (N.D.Ala.1990); *Equitable Bank NA v. Scott,* No. 90C1796, 90C1885, 1990 WL 91252, at *3 (N.D.Ill. June 28, 1990). Thus, Respondents' final basis for removal lacks merit as well.

## IV. ATTORNEY'S FEES, COSTS, AND DISBURSEMENTS

■ The award of costs and fees under 28 U.S.C. § 1447(c) is discretionary, and need not be based on a finding of bad faith on the part of the removing party. *See Morgan Guaranty Trust Co. of New York v. Republic of Palau,* 971 F.2d 917, 923–24 (2d Cir.1992). In the present case, the Court finds that while the Respondents' counsel is experienced in federal court practice, the removal basis asserted in this case was contrary to overwhelming authority on each of the stated grounds. Accordingly, an award to the Petitioners of reasonable attorney's fees, costs, and disbursements incurred as a result of removal is appropriate. *See Gibson v. Tinkey,* 822 F.Supp. 347, 349 (S.D.W.Va. 1993) (finding fees appropriate where removal was contrary to the weight of authority).

Petitioners are directed to file an affidavit with the court by January ____, 1998, itemizing in detail their reasonable costs, attorney's fees and disbursements. Respondents may object to Petitioners' calculation by way of letter brief filed no later than one week after being served with the aforementioned affidavit.

### Conclusion

After carefully considering the arguments of the parties, the record, and the applicable law, it is hereby

ORDERED that Petitioners' motion to remand is GRANTED, and this entire action is remanded to Supreme Court of the State of New York, Oswego County. It is further

ORDERED that the Petitioners are entitled to an award of reasonable attorney's fees, costs, and disbursements pursuant to 28 U.S.C. § 1447(c). The parties are further directed to file supporting affidavits as directed above.

**IT IS SO ORDERED.**