REDEVELOPMENT AGENCY OF THE CITY OF SAN BERNARDINO, a public entity, Plaintiff,

v.

Jaime ALVAREZ, et al., Defendants.

Raymundo López, Christina Speer, Antonio Yniguez, Carmen Sanchez, Manuel Sanchez, and Guillermina Jiminez, Counterclaimants and Cross-claimants,

v.

City of San Bernardino, a public entity, Redevelopment Agency of the City of San Bernardino, a public entity, Counterdefendant and Cross-defendant.

No. ED CV 02–142 RT(SGLx).

United States District Court, C.D. California.

Oct. 21, 2003.

Joseph Arias, Lee Amidon, Christopher D. Lockwood, Frederick A. Haist, Lewis, Brisbois, Bisgaard & Smith, San Bernardino, CA, for Counter Defendant Redevelopment Agency of the City of San Bernardino and Cross Defendant City of San Bernardino.

Mario D. Vega, Gustavo A. Zarate, Zarate & Vega, Los Angeles, CA, for Counter Claimants and Cross Claimants Ray-

mundo Lopez; Christina Speer; Antonio Yniguez; Carmen Sanchez; Manuel Sanchez; and Guillermina Jiminez.

## ORDER (1) REMANDING THE COUNTERCLAIM AGAINST COUNTERDEFENDANT REDEVELOPMENT AGENCY OF THE CITY OF SAN BERNARDINO AND THE CROSS-CLAIM AGAINST CROSS-DEFENDANT CITY OF SAN BERNARDINO; AND (2) DENYING THE MOTION BY COUNTERDEFENDANT REDEVELOPMENT AGENCY OF THE CITY OF SAN BERNARDINO AND CROSS-DEFENDANT CITY OF SAN BERNARDINO TO DISMISS THE COUNTERCLAIM AND CROSS-CLAIM UNDER FED. R. CIV. P. 12(b)(6)

TIMLIN, District Judge.

The court, Judge Robert J. Timlin, has read and considered counterdefendant Redevelopment Agency of the City of San Bernardino ("RDA")'s and Cross-defendant City of San Bernardino ("City")'s ("Counterdefendant")'s motion to dismiss Counterclaimants/cross-claimants Raymundo Lopez ("Lopez"), Christina Speer ("Speer") Antonio Yniguez ("Yniguez"), Carmen Sanchez ("C.Sanchez"), Manuel Sanchez ("M.Sanchez"), and Guillermina Jiminez ("Jiminez") (" Counterclaimants/Cross-claimants")'s counterclaim and cross-claim under Fed.R.Civ.P. 12(b)(6) ("Rule 12(b)(6)"), Counterclaimant/Cross-claimants' opposition, and the RDA's and City's reply.[1] Based on such considerations, the court concludes as follows:

## I.

### BACKGROUND [2]

The United States Department of Housing and Urban Development ("HUD") acquired residential homes through default and foreclosure and then sold those homes to public entities at reduced prices. The public entities were to rehabilitate and sell the homes to qualified first-time home buyers of low or moderate income, who would then occupy the homes. HUD required these buyers to pay a minimum down payment for each home. The required down payment and actual occupation of the homes by the buyers were intended to reduce the risk of future default by the buyers and foreclosure of the homes.

The RDA participated in an Acquisition, Rehabilitation and Resale ("ARR") program for homes sold by HUD. Under this program, selected developers could purchase these homes under certain restrictions and conditions from the RDA, who had acquired the homes from HUD. The developers agreed to repair and rehabilitate the homes and sell them to qualified purchasers who would then occupy the homes.

The RDA provided partial financing in the form of "HOME" and "MAP" ("Mortgage Assistance Program") loans to home buyers to help them purchase ARR homes.

---

1. Counterclaimants filed on January 18, 2003 a pleading entitled "Counterclaim" naming the RDA and City as Counterdefendants and themselves as Counterclaimants. Such categoriaztion as to the RDA is correct since it is the plaintiff. The City, however, is not a proper counterdefendant because it is not a plaintiff. *See* Fed.R.Civ.P. 13(a)-(b). Since RDA is a proper counterdefendant and a party to this action, the City would be a proper cross-defendant if the counter-claimants had filed a cross-claim against the City. *See* Fed. R.Civ.P. 13(g). The counterclaimants did not do so, but for the purposes of the issues addressed by this Order, the court will refer to the City as "Cross-defendant" and assume that the counterclaim against the City is a cross-claim.

2. The facts in the Background are taken from the RDA's complaint.

Under the MAP program, qualifying home buyers could borrow a percentage of the purchase price from the RDA in the form of MAP funds, which would be secured by second trust deeds. The RDA relied on the ARR developer/sellers and the primary lenders, whose loans would be secured by first trust deeds, to determine if prospective buyers qualified for MAP loans and to provide loan underwriting services for MAP funds and primary purchase loans.

Defendant Alvarez & Associates entered into two ARR agreements with the RDA as a developer/seller. The first agreement, entitled Housing Rehabilitation Participation Agreement ("HRP Agreement"), was entered into on October 14, 1997. The second agreement, entitled Acquisition, Rehabilitation Resale Agreement ("ARR Agreement"), was entered into on August 2, 1999. These agreements required Alvarez & Associates and its partners to screen the buyers for eligibility and to cause the opening of escrows for the sale of the houses to qualified buyers. The RDA alleges that certain defendants identified in the Complaint as the Alvarez Defendants aided unqualified buyers to obtain loans from third party lenders and mortgage assistance in the form of MAP funds.

The RDA filed a complaint on January 18, 2002 in the Superior Court of the State of California for the County of San Bernardino ("Superior Court"). The complaint names the Alvarez defendants along with more than 50 "borrower defendants", among whom are counterclaimants and cross-claimants, and who borrowed money from the RDA MAP fund in order to purchase rehabilitated homes from Alvarez & Associates. The complaint alleges claims for: 1) fraudulent deceit under CAL CIV. CODE §§ 1709 and 1710 against all defen-

dants; 2) negligent misrepresentation against the Alvarez defendants; 3) interference with contract against the Alvarez defendants; 4) violation of 18 U.S.C. § 1962(a)-(d) of the Racketeer Influenced and Corrupt Organizations Act ("RICO") against the Alvarez defendants; 5) violation of the False Claims Act under CAL. GOVT. CODE § 12650 *et seq.* against all defendants; 6) unfair business practices under CAL. BUS. & PROF. CODE § 17200 *et seq.* against the Alvarez defendants; 7) unjust enrichment against all defendants; 8) breach of contract against the borrower defendants and Alvarez & Associates; 9) money had and received against the borrower defendants and Alvarez & Associates; and 10) money lent against the borrower defendants.

The action was removed to this court on the basis of federal question jurisdiction under 28 U.S.C. § 1441,[3] as the RDA's fourth claim alleges a federal RICO violation.

On June 18, 2002, defendants Lopez, Speer, Yniguez, C. Sanchez, M. Sanchez, and Jiminez filed a counterclaim and cross-claim against the RDA and City, respectively, alleging deprivation of their rights of due process and equal protection under the Fourth, Fifth, and Fourteenth amendments of the U.S. Constitution pursuant to 42 U.S.C. § 1983 ("Section 1983"). The counterclaim and cross-claim seek compensatory and punitive damages, as well as attorney's fees and costs.

On October 15, 2003 the court ordered all supplemental state claims and related counterclaims and cross-claims remanded to the Superior Court.

---

**3.** Certain of the Alvarez defendants were the only defendants to have served with process as of the date of removal (February 22, 2002).

## II.

### *ANALYSIS*

#### A. Remand of Counterclaim and Cross-claim Based on Federal Law

■ Having remanded the supplemental state claims, as well as the related counterclaims and cross-claims, this court must determine whether it retains jurisdiction over the borrower defendants' counterclaim against RDA and cross-claim against the City. Unlike the supplemental state claims against the borrower defendants, which were based predominantly on state law, the borrower defendants' counterclaim and cross-claim against RDA and the City are brought pursuant to a federal statute, 42 U.S.C. § 1983.

■ If RDA's state claims against the borrower defendants had remained in state court where they were originally brought, the § 1983 counterclaim and cross-claim by the borrower defendants would not allow those defendants to remove the action to federal court. *See Metro Ford Truck Sales, Inc. v. Ford Motor Co.,* 145 F.3d 320, 327 (5th Cir.1998). For both removal and original jurisdiction, the federal question must be presented by the plaintiff's complaint as it stands at the time of removal. *Id.* Removal, therefore, cannot be based on a counterclaim or cross-claim raising a federal question. *Id.* This principle applies, regardless of whether that counterclaim or cross-claim is filed in state or federal court; to hold otherwise would allow defendants to determine the removability of a case. *See Great Northern Ry. Co. v. Alexander,* 246 U.S. 276, 281, 38 S.Ct. 237, 239, 62 L.Ed. 713 (1918) ("It is also settled that a case, arising under the laws of the United States, non-removable on the complaint, when commenced, cannot be converted into a removable one by evidence of the defendant ..., but that such conversion can only be accomplished by the voluntary amendment of his pleading by the plaintiff. ...."). The borrower defendants' filing of their § 1983 counterclaim and crossclaim in federal court after removal, therefore, does not create removal jurisdiction by this court over those claims.

■ In its October 15, 2003 order regarding the claims stated in the complaint against the borrower defendants, this court determined that state law predominated, and that the interests of judicial economy, convenience, fairness, and comity warranted remand of the supplemental state claims under 28 U.S.C. § 1441(c) (" § 1441(c)") and 28 U.S.C. § 1367(c)(2) (" § 1367(c)(2)"). Having remanded the state claims against the borrower defendants, the question arises whether this court has authority to remand the federal counterclaim and cross-claim by the borrower defendants. Although a § 1983 claim is a federal claim, state courts have concurrent jurisdiction with the federal court to adjudicate claims arising under that statute. *See, e.g., Felder v. Casey,* 487 U.S. 131, 139, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988). Thus, although this court has original jurisdiction over § 1983 claims, it by no means has exclusive jurisdiction over such actions. *See Arizona v. Manypenny,* 451 U.S. 232, 101 S.Ct. 1657, 68 L.Ed.2d 58 (1981). If the federal claim fell within the exclusive jurisdiction of the court, remand would be inappropriate because the state court would be unable to hear the federal claim. *Id.* This is not the scenario present in the instant case.

■ As discussed above, the borrower defendants' § 1983 counterclaim and crossclaim could not, and did not, confer removal jurisdiction by this court. Moreover, since § 1441(c) permits federal courts to remand an entire action, including both state and federal claims, if it finds that state law predominates, it also follows that it enables the court to remand counter-

**1116**

claims and cross-claims in that action, even if those latter claims are based on federal law. *Metro Ford Truck Sales, Inc. v. Ford Motor Co.,* 145 F.3d at 328.

For the reasons stated above, the court will exercise its jurisdiction and remand the § 1983 counterclaim and cross-claim against RDA and the City to state court, pursuant to § 1441(c) because the supplemental state claims previously remanded to state court predominate over the federal § 1983 counterclaim and cross-claim.

**B. Counterdefendant's and Cross-Defendant's Motion to Dismiss**

The court, having decided to remand the borrower defendants' counterclaim and cross-claim alleging a violation of § 1983 to the Superior Court, the RDA's and City's motion to dismiss the counterclaim and cross-claim is moot because the counterclaim and cross-claim that the instant motion seeks to dismiss are no longer within the jurisdiction of this court. Therefore, the motion will be dismissed as moot.

**III.**

**DISPOSITION**

ACCORDINGLY, IT IS ORDERED THAT:

1) Counterclaimants' and Cross-claimants' § 1983 claims against RDA and the City are REMANDED to the Superior Court of the State of California for the County of San Bernardino, pursuant to 28 U.S.C. § 1441(c); and

2) Counterdefendant RDA's and Cross-defendant City's motion to dismiss the counterclaim/ cross-claim against them, respectively, under Rule 12(b)(6) is DENIED, as moot.