**UTRUE, INC., Plaintiff,**

v.

**PAGE ONE SCIENCE, INC., Defendant.**

**Page One Science, Inc., Counterclaim Plaintiff,**

v.

**UTrue, Inc., Counterclaim Defendant,**

**and**

**Michael Meyer, Third Party Defendant.**

**No. CIV.A. 1:06CV1017.**

United States District Court, E.D. Virginia, Alexandria Division.

Oct. 24, 2006.

Alan Michael Noskow, DLA Piper Rudnick Gray Cary US LLP, Reston, VA, for Plaintiff and Counter–Defendant.

Alan Jay Cilman, Fairfax, VA, for Counter–Plaintiff and Defendant.

### ORDER

ELLIS, District Judge.

This removed action between non-diverse parties grows out of a failed agree-

ment concerning the development of security technology. It appears that plaintiff UTrue, Inc., a Virginia corporation,[1] contracted with defendant Page One Science, Inc., a Delaware corporation with its principal place of business in Virginia, for the design and development of a prototype sensing device for detecting chemical and biological agents in cargo containers. After plaintiff advanced money to defendant for this purpose and defendant failed to produce the prototype, plaintiff sued.

■ Originally filed in Fairfax County Circuit Court, plaintiff's complaint seeks $70,000 in damages for breach of contract, unjust enrichment, and money had and received.[2] In response to the complaint, defendant answered and counterclaimed for breach of contract, two counts of fraud, and violation of the Racketeer–Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et. seq. ("RICO").[3] The defen-

dant-counterclaimant then proceeded to remove the case to federal court, contending that the civil RICO counterclaim created the requisite federal question jurisdiction for removal. Although neither party raised any question of subject matter jurisdiction, federal courts are obligated to confront and address jurisdictional defects sua sponte "whenever it appears the court lacks subject matter jurisdiction." See Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir.1999); Rule 12(h)(3), Fed.R.Civ.P. Because it is apparent that no subject matter jurisdiction exists, this case must be remanded.

■ At issue is whether, as defendant contends, the RICO counterclaim is an appropriate basis for removal under 28 U.S.C. § 1441(c). It is not. Overwhelming authority makes clear that § 1441(c) removal is not available to counterclaimants.[4] Put differently, this authority re-

1. Defendant alleges UTrue, Inc. is not properly registered with the Virginia State Corporation Commission.

2. "Money had and received" is a Virginia state law equitable action which lies "whenever one has money of another which he has no right to retain and which defendant is obligated by natural justice and equity to refund." Hartford Fire Ins. Co. v. First Union Nat'l. Bank, 45 Va. Cir. 279 (Va. Cir. Ct.1998), 1998 WL 972158 at *2 (citing Shores v. Shaffer, 206 Va. 775, 146 S.E.2d 190 (1966)). See also State of Qatar v. First American Bank of Virginia, 880 F.Supp. 463, 466 n. 4 (E.D.Va.1995) (noting the similarity between torts of money had and received and conversion).

3. Defendant also named Michael Meyer, plaintiff's president and sole stockholder, as a third party defendant.

4. See, e.g., State of Texas by and Through Board of Regents of the University of Texas v. Walker, 142 F.3d 813, 816 n. 2 (5th Cir.1998) ("There has never been an assertion that a defendant could, by asserting an artful counterclaim, render a case removable in violation of the well pleaded complaint rule."); Rede-

velopment Agency of San Bernardino v. Alvarez, 288 F.Supp.2d 1112, 1115 (C.D.Cal.2003) ("Removal, therefore, cannot be based on a counterclaim or cross-claim raising a federal question ... This principle applies, regardless of whether that counterclaim or cross-claim is filed in state or federal court."); Iowa Lamb Corp. v. Kalene Industries, 871 F.Supp. 1149, 1155–56 (N.D.Iowa 1994) (removal statute "does not provide that when a claim over which the federal courts would have had original jurisdiction is brought as a counterclaim to otherwise non-removable claims, the entire action may be removed"). See also Wallace v. Wiedenbeck, 985 F.Supp. 288, 291 (N.D.N.Y. 1998); Equitable Bank v. Scott, 1990 WL 91252 at *2–3 (N.D.Ill.1990).

The treatises and commentators agree. See 32A Am.Jur.2d Federal Courts § 1625 ("A federal-law defense to a plaintiff's state law claim does not create federal question jurisdiction justifying removal. Nor can jurisdiction be conferred by counterclaim.") (internal citations omitted); Miller, Artful Pleading: A Doctrine in Search of Definition, 76 Tex. L.Rev. 1781, 1783 (1998) ("[F]ederal question jurisdiction cannot be predicated on federal issues that may arise later in the action by

flects that the canonical "well-pleaded complaint rule" also applies to counterclaims on removal and thus, federal question jurisdiction for removal purposes must exist within the four corners of the plaintiff's complaint. A counterclaim, in other words, is not eligible to serve as the basis for removal on federal question grounds. The statutory basis for this conclusion is also straightforward. It is pellucidly clear that the term "claim or cause of action within the jurisdiction conferred by section 1331" in § 1441(c) does not embrace counterclaims, since the well-pleaded complaint rule is a construction of 28 U.S.C. § 1331. *See Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Moreover, were the well-pleaded complaint rule not to apply on removal, and were counterclaims permitted to become a basis for jurisdiction on removal, the result would be an unwarranted and nearly limitless expansion of removal jurisdiction. Such a result is plainly contrary to the scope and intent of § 1441(c).

 Since the RICO counterclaim by Page One Science, Inc. is the only alleged basis for federal subject matter removal jurisdiction in this case, it is obvious that removal on this basis is improper. Nor does this mean that Page One cannot assert a RICO claim, as state courts properly exercise concurrent jurisdiction over civil RICO claims. *Tafflin v. Levitt,* 493 U.S. 455, 458, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990). Therefore, the entire case may be adjudicated in state court.

Accordingly, pursuant to 28 U.S.C. § 1447(c), this matter must be remanded. Although § 1447(c) also confers discretion on district courts to award costs where it

appears "the removing party lacked an objectively reasonable basis for seeking removal," *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 126 S.Ct. 704, 711, 163 L.Ed.2d 547 (2005), it appears that neither party (surprisingly) raised the issue. Therefore, no costs or fees are attributable to the propriety of defendant's removal petition. Nor has a motion for sanctions been made, although such a motion might have been meritorious.

Therefore, for good cause, it is hereby **ORDERED** that the case be **REMANDED** to the Circuit Court of Fairfax County.

The clerk is directed to place this matter among the ended causes.

The clerk is further directed to send a copy of this Order to all counsel of record.

---

way of defense or counterclaim.") (internal citations omitted).

There appears to be no Supreme Court or Fourth Circuit authority directly on point, a

circumstance that reflects the issue is too obvious to be litigated at that level.