**In re Jason Matthew TANNER, and Alicia Dawn Tanner, Debtors.**

No. 09–50517.

United States Bankruptcy Court, W.D. Virginia, Harrisonburg Division.

Dec. 15, 2010.

James V. Doss, III, Lexington, VA, for Debtors.

### DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

A hearing was held on November 3, 2010, to consider the Debtors' Motion to Avoid Lien of Capital One Bank N.A., U.S.A. (hereafter the "Motion to Avoid"). The Debtors appeared. At the conclusion of the November 3, 2010 hearing the Court took the matter under advisement and permitted the Debtors to submit any authority that the Debtors deemed necessary to support their Motion to Avoid. The Debtors have submitted their memoranda in support of the Motion to Avoid. After considering the pleadings of the Debtors the Court makes the following findings of fact and conclusions of law.

*Facts*

On April 8, 2009, the Debtors filed their Chapter 7 Voluntary Petition (hereafter the "Petition"). Contained in the Petition was Schedule A which set forth all of the Debtors' interests in real property as of the date of the filing of the petition. Schedule A lists only one piece of real property located at 245 Rattler Road, Vesuvius, VA 24483 (hereafter the "Rattler Road Property"). The Rattler Road Property was subject to a Motion for Relief from the Automatic Stay filed by Aurora Loan Services, LLC on June 3, 2009. On July 20, 2009, an Order was entered granting the relief requested by Aurora Loan Services, LLC and the Rattler Road Property was turned over to Aurora Loan Services, LLC.

On July 21, 2009, an Order was entered granting the Debtors' discharge. On July 31, 2009, the Debtors' bankruptcy case was closed.

On August 25, 2010, the Debtors filed a Motion to Reopen Case. On August 26, 2010, an Order was entered granting the Motion to Reopen Case and the case was reopened on that day.

On August 30, 2010, the Debtors filed the Motion to Avoid. The Motion to Avoid was properly served upon the requisite parties and no response was filed. At the November 3, 2010 hearing the Court took the Motion to Avoid under advisement in order to determine whether the Court had proper jurisdiction to hear the matter. On November 12, 2010, the Debtors filed their Memorandum of Authority in Support of the Motion to Avoid (hereafter the "Memorandum in Support").

In the Memorandum in Support the Debtors state

> After the foreclosure ... and surrender of possession of 245 Rattler Road, debtor's mother-in-law, Donna W. Beverly conveyed by Deed of Gift certain unimproved real estate in Rockbridge County, Virginia, to herself, her daughter, Alicia Tanner and Jason M. Tanner, as joint and equal tenants, thereby creating an individual interest in debtor, Jason M. Tanner to which the judgment lien could attach pursuant to Section 8.01–458 of the Code of Virginia.

Memorandum in Support, Pg. 2, *In re Tanner*, No. 09–50517 (Bankr.W.D.Va. Nov.12, 2010) (the interest in the real property conveyed by Donna W. Beverly is hereafter the "Property"). The Debtors allege that a pre-petition unsecured judgment lien held by Capital One Bank U.S.A., N.A. attached to the Property (hereafter the "Capital One Lien"). Memorandum in Support, Pg. 1–2. The Debtors further allege that the Capital One Lien impairs a homestead exemption that the Debtors are entitled to in the Property and therefore, the Capital One Lien should be avoided under 11 U.S.C. § 522(f). Memorandum in Support, Pg. 2.

*Discussion*

*Jurisdiction*

The Court may raise the issue of jurisdiction *sua sponte* at any time when it appears that the court lacks the appropriate jurisdiction. *UTrue, Inc. v. Page One Science, Inc.*, 457 F.Supp.2d 688 (E.D.Va. 2006). *Rutherford Hospital, Inc. v. RNH Partnership*, 168 F.3d 693 (4th Cir.1999) holds

> Under the federal bankruptcy laws, a debtor's estate consists, *inter alia,* of "all legal or equitable interest of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). "The estate under § 541(a) succeeds only to those interest that the debtor had in property prior to the commencement of the bankruptcy case." *In re FCX, Inc.*, 853 F.2d 1149, 1153 (4th Cir.

1988).... [a] bankruptcy court's jurisdiction does not extend to property that is not part of a debtor's estate.

*Rutherford Hospital,* 168 F.3d at 699. Accordingly, the Court may only adjudicate matters that involve property of the estate, as defined by 11 U.S.C. § 541(a) and *Rutherford Hospital.*

In this case, the Debtors state that they received the interest in the Property after Aurora Loan Services, LLC obtained relief on the Rattler Road Property. Memorandum in Support, Pg. 2. Relief was not granted to Aurora Loan Services, LLC until after the filing of the petition. Thus, according to the Debtors' statement, the Debtors did not acquire an interest in the Property until after the filing of the petition. Additionally, the Debtors' Chapter 7 petition does not list any interest in the Property. Based upon the statements of the Debtors and the information provided in their Petition the Court finds that the Debtors did not have an interest in the Property as of the date of the petition and thus, the Property is not property of the estate. Since the Property does not constitute property of the estate the Court lacks jurisdiction over the Property. *Rutherford,* 168 F.3d at 699. Accordingly, it is

**ORDERED**

That the Debtors' Motion to Avoid Lien of Capital One Bank N.A., U.S.A. is hereby DENIED for lack of jurisdiction.

Copies of this order are directed to be sent to counsel for the Debtors, James V. Doss, III, Esquire; and to the Chapter 7 Trustee, George I. Vogel, Esquire.